# Patterson *v.* South & North Ala. Railroad Co.

*Action for Damages, on account of Personal Injuries.*

1. *Opinion of physician as expert.*—A physician, testifying as an expert as to the nature and extent of plaintiff's injuries, after a personal examination, may state his opinion that they were caused by a fall, but not that they were caused by a fall from a horse at a particular railroad crossing described in the complaint, when he knows nothing of the facts.

2. *Habit of mule for stumbling, as relevant to question of contributory negligence.*—Plaintiff's injuries having been caused by her mule falling through a hole in a bridge over a railroad crossing, the habit of the

[Patterson v. South and North Ala. R. R. Co.]

animal for stumbling is relevant to the question of contributory negligence; and a witness may testify to his *character* in that respect, when it is apparent that the word is used as the synonym of *habit*.

3. *Exemplary damages.*—In an action to recover damages on account of personal injuries, alleged to have been caused by negligence on the part of the defendant, exemplary or vindictive damages can not be allowed for any want of care less than gross negligence.

4. *Railroad crossing on public highway; duty to keep in repair.*—When a railroad company constructs its track across a public road or highway, the duty devolves on it to put and keep the crossing and approaches thereto in proper repair for the use of the travelling public; but this duty will be sufficiently discharged, if they are maintained in a reasonably safe and convenient condition, so as not to materially impair the usefulness of the highway, or interfere with its safe enjoyment by travellers who exercise ordinary care and prudence.

5. *Contributory negligence.*—If the plaintiff, in passing the railroad crossing, rode near the side, out of the route usually travelled, and which she could have used with safety, and was injured by her horse there stepping into a hole, this would presumptively be a want of ordinary care, and would constitute contributory negligence.

APPEAL from the Circuit Court of Cullman.

Tried before the Hon. JOHN MOORE.

This action was brought by D. M. Patterson and his wife, Mrs. Mary E. Patterson, to recover damages for personal injuries sustained by her in riding over a railroad crossing on the defendant's road; and was commenced on the 20th October, 1884. The accident occurred near Falkville, at a place called "Cedar crossing on the Crabb road," where the railroad intersected the public highway; and was caused by her mule stepping into a hole, or defective place in one of the timbers, whereby she was thrown and injured. At that place there was a ditch on the side of the railroad track, over which the defendant had constructed a bridge, or crossing, by laying cross-ties together. The evidence was conflicting as to the width of the crossing; but, as the bill of exceptions states, "the *majority* of testimony was that it was two cross-ties wide, each cross-tie being eight or nine feet long." The defendant's testimony tended to show that the hole, or defective place, into which plaintiff's mule stepped and fell, was near the edge or side of the crossing, outside of the track or route usually travelled.

The complaint was twice amended, and demurrers were interposed to it, original and amended. The cause was tried on issue joined on the pleas of not guilty and contributory negligence. The plaintiff took the deposition of Dr. E. M. Sams, who testified to the nature and extent of her injuries from an examination made by him "two or three years" after the accident occurred; and among other things he stated:

[Patterson v. South and North Ala. R. R. Co.]

"My opinion is, that said injuries were caused by a fall from a mule or horse falling through a crossing on the railroad at Cedar crossing." This statement was excluded by the court, on motion of the defendant, and plaintiffs excepted. The defendant asked D. M. Patterson, on cross-examination, "what was the character of said mule for stumbling?" to which he answered, that the mule "was clear-footed," but, in answer to another question, "admitted that the mule had once fallen down with him in the public road"; and to each of these questions the plaintiffs objected and excepted. A witness for the defendant was also asked "the character of said mule for stumbling," and answered, "that it was bad"; to which question and answer each the plaintiffs objected and excepted.

The court gave numerous charges to the jury at the instance of the defendant, and among them the following: (9.) "The plaintiff is not entitled to recover smart money, or vindictive damages, unless they believe from the evidence that the defendant was guilty of gross negligence." (10.) "If the jury believe from the evidence that Mrs. Patterson by her acts proximately caused her injury, then the plaintiffs are not entitled to recover." (13.) "If the jury believe from the evidence that the said bridge at the crossing was maintained by the defendant in such manner as not unnecessarily to impair the usefulness of said public road, or to interfere with the safe enjoyment of said road, then the defendant is not liable." (17.) "If the jury believe that, if Mrs. Patterson, in attempting to cross the bridge in question, had followed the usual and ordinary method of crossing it by the general public, she would not have been in any danger; and if they find from the evidence that she was hurt, if at all, by riding near the ends of the cross-ties, which place was out of the usual line of travel; then, in riding where she did, she so far contributed to her own injury as to prevent a recovery in this case." (18.) "If the jury believe from the evidence that Mrs. Patterson was negligent in attempting to cross said bridge, by riding out of the usual route taken by the travelling public, when she could have crossed it with safety to herself by keeping in the usual route; then she so far contributed to the accident and injury as to prevent any recovery in this case, and the jury must find for the defendant." (25.) "If the jury believe from the evidence that, at the time of the accident, the bridge in question was reasonably safe and convenient for the travelling public, exercising

[Patterson v. South and North Ala. R. R. Co.]

ordinary care and prudence for their own safety, they must
find for the defendant."

The plaintiffs excepted to each of these charges, and they
now assign the same as error, with the rulings on the plead-
ings and evidence.

W. T. L. COFER, for appellants, cited 1 Wait's Actions
& D., 732; *McLendon v. S. & N. Railroad Co.*, 63 Ala. 266;
Redf. Railroads, vol. 1, p. 420; *Tanner v. L. & N. Railroad
Co.*, 60 Ala. 621.

GEO. H. PARKER, and HAMILL & LUSK, *contra*.

SOMERVILLE, J.—1. It was competent for the wit-
ness, Dr. Sams, to give his opinion, as an expert, that the
injuries of the plaintiff, Mrs. Patterson, were caused by a fall
of some kind, but not by a fall from a mule or horse at a
particular railroad crossing, as to the facts of which he
neither knew, nor pretended to know any thing. The evidence
bearing on this point was properly excluded.

2. The evidence tended to show that the injury com-
plained of was received by reason of the plaintiff's mule
falling through a hole in a bridge. The habit of the animal
for stumbling was a relevant fact, in view of the liability of
such a vice to contribute to such an accident. The evidence
bearing on this point was properly admitted, to throw light
on the inquiry as to any alleged contributory negligence on
the plaintiff's part, which may have produced the injury.
It is sufficiently obvious that the inquiry as to the "character"
of the animal for stumbling had reference to *habit*, and was
so understood by the witnesses.

3. The court properly charged the jury, that there could
be no recovery of exemplary or vindictive damages by reason
of any want of care on defendant's part less than gross neg-
ligence.—*South & North Ala. R. R. Co. v. McLendon*,
63 Ala. 266; *Leinkauff v. Morris*, 66 Ala. 406; *West. Un.
Tel. Co. v. Way*, 83 Ala. 542.

4. If a railroad company constructs its road across a
public road, or highway, the duty devolves upon it to put
and keep the approaches and crossing in proper repair for
the use of the travelling public. This duty will be sufficiently
discharged, if the highway is maintained in a reasonably
safe and convenient condition—so as not to materially impair
its usefulness, or interfere with its safe enjoyment by travel-

21

lers, who exercise ordinary care and prudence for their own safety in using it.—*Pratt Coal Co. v. Davis*, 79 Ala. 308; *S. & N. Ala. R. R. Co. v. McLendon*, 63 Ala. 266; 9 Amer. & Eng. Encyc. Law, 411; Shearman & Redfield on Neg. §§ 357, 451–452. Charges numbered 13 and 25 harmonize entirely with this view of the law.

5. We perceive no error in the court's giving instructions numbered 17 and 18, requested by the defendant. If the plaintiff, Mrs. Patterson, was so negligent as to ride out of the usual route of travel, commonly used by others, and which could have been used with safety by herself, on the occasion of her injury, and was hurt by riding near the end of the bridge, this would presumptively be a want of ordinary care, such as would defeat recovery, provided it contributed to such injury. The instructions assert nothing more than this.

The record does not show the rulings of the court on the several demurrers with sufficient certainty to enable us to pass on them intelligibly. Nor do the assignments of error, based on those rulings, appear to be insisted on in argument. We decline, therefore, to consider them.

The other rulings of the court seem to be free from error, and the judgment is affirmed.