# THE DISTRICT OF COLUMBIA

*v.*

# HALLER.

Expert Testimony; Pleading and Practice; Variance;
Streets and Sidewalks, Defects In; Presumptions;
Ordinary Care; Negligence; Instructions and
Charge to Jury.

1. The physical condition of a person before and after an accident, is not a question of science, but a matter of ordinary observation, as to which any person sufficiently acquainted with the individual affected may testify.

2. Where in an action of damages for personal injuries against a municipality based upon the alleged negligence of the defendant in allowing a dangerous hole to exist in a sidewalk, the declaration alleges that plaintiff *slipped* into the hole, while his testimony is that he *stepped* into the hole, the variance is not a material one.

3. In such an action, a hypothetical question addressed by the defendant to one of its witnesses, an inspector of sewers, to the effect that, assuming that the hole in the sidewalk existed at the time of the accident, and that nothing since has been done to relieve or change it, whether the depression would be greater or less at the time of trial than at the time of the accident, is improper.

4. The question of whether or not a sidewalk was in a safe or dangerous condition at the time of an accident, is not the subject of expert testimony.

5. Ordinary care, which is all that is necessary for a pedestrian on a public street to use, is presumed to have been observed until the contrary is shown; and by ordinary care is meant ordinary prudence, which does not require the pedestrian to look far ahead for obstructions or defects which ought not to be suffered to exist.

6. If instructions granted the plaintiff and those granted the defendant, read together, and in connection with the general charge, have the effect of placing a case fairly before the jury, without tendency to mislead them, there can be no just ground for complaint.

No. 323.   Submitted October 8, 1894.   Decided November 6, 1894.

Hearing on a bill of exceptions by the defendant in an action for damages for personal injuries.   *Affirmed.*

## Statement of the Case.

At the trial, the plaintiff asked three instructions to the jury, all of which were granted, as follows:

" The jury are instructed that the defendant, The District of Columbia, has the exclusive care and control of the sidewalks in the city of Washington, and it is its duty to see that they are kept reasonably safe for the passage of persons walking along said sidewalks. ' If, therefore, the jury find from the evidence that at the place described in the declaration there was a defect in the sidewalk such as is there described, and that such defect resulted from the omission of the defendant to keep the same in repair, and that it was dangerous to the safety of persons passing along said sidewalk, and that the accident complained of resulted from such unsafe condition of that sidewalk, and they further find that said defect had continued so long that the defendant knew or ought to have known of it in time to repair it, then the plaintiff is entitled to recover, unless he was himself guilty of negligence in not using ordinary or reasonable care in passing along said sidewalk.

" 2. The jury are instructed that the plaintiff in passing along the sidewalk at the place where the accident is alleged to have occurred had a right to act upon the assumption that it was reasonably free from defects dangerous to pedestrians, and if he exercised the same care that an ordinarily careful person would exercise in walking along the sidewalks of the streets at that time and under all the circumstances and conditions surrounding the plaintiff when the accident occurred he did all that was required of him.

" 3. If the jury find for the plaintiff, it is their duty to determine the amount of damages the plaintiff has sustained and consider those things which would be the natural result of the injury, namely, his bodily and physical suffering, his expenses incurred for medical attention, and his prospective future condition as affected by the injury."

On behalf of the defendant, ten requests for instructions were presented, the first of which was refused and the others granted, as follows:

"1. The jury is instructed that upon the whole evidence in this case the defendant is not liable, and their verdict should be for the defendant.

"2. If the jury believe from the evidence in this case that the plaintiff of his own negligence directly contributed in any degree to the injury complained of, then they must find for the defendant.

"3. If the jury find from the evidence in this case that the plaintiff by his own carelessness substantially contributed to the injury complained of or might, by the exercise of ordinary, prudent care, which an ordinarily prudent man would have exercised under similar circumstances, have avoided the injury, then he cannot recover damages, and their verdict should be for the defendant.

"4. If the jury believe from the evidence in this case that the plaintiff lived in the immediate neighborhood of the place where he received his injury and knew the condition of the sidewalk—that there was a depression therein, and that the sidewalk was covered with snow and ice and was slippery and hazardous to travel over—and, with knowledge of such condition of the sidewalk, if that was its condition, the plaintiff undertook to pass over it, and in doing so did not use such care and caution to overcome the danger resulting from snow and ice as prudent men would have exercised, then he cannot recover damages, and your verdict should be for the defendant.

"5. The jury are instructed that the defendant is not an insurer against accidents upon its streets, nor is it liable for every defect therein, nor for the slippery and icy condition of its sidewalks, except for neglect upon its part after knowledge and notice of such obstruction and a reasonable time to remove the same. If, therefore, the jury believe from the evidence in this case that the sidewalk where the

plaintiff slipped and fell was covered with sleet and ice, and in consequence of that condition of the sidewalk, if that was its condition, that the plaintiff slipped and fell and received the injury complained of, and the defendant had no notice of the slippery condition of the sidewalk, if that was its condition, and such condition had not existed an unreasonable length of time, then the defendant is not liable, and your verdict should be for the defendant.

" 6. If the jury find from the evidence in this case that the sidewalk at the point where the plaintiff fell and was injured was in a reasonably safe condition for foot passengers, and that on the occasion of the plaintiff's injury it was covered with sleet and ice, and that that was the sole cause of the injury, then the plaintiff cannot recover, and your verdict should be for the defendant.

" 7. The jury is instructed that the burden of proof is upon the plaintiff to show affirmatively, by a preponderance of testimony, that the accident whereby he was injured was the result of negligence on the part of the defendant in failing to keep the sidewalk, at the point where the accident occurred, in proper condition and repair, and if he does not show such negligence by such preponderance of evidence, then he is not entitled to recover, and their verdict should be for the defendant.

"8. If the jury find from the evidence in this case that it began snowing about three o'clock on the day the plaintiff was injured, and that the snow changed to rain and sleet later in the evening, and that the plaintiff was injured before the sleet and rain had ceased, and in consequence of the icy and slippery condition of the sidewalk, resulting from said snow and sleet, then the defendant is not responsible in this action, and your verdict should be for the defendant.

" 9. The jury are instructed that it is the duty of those who travel on the sidewalks to use reasonable care and diligence to avoid danger which a person of ordinary care and diligence would use under the same circumstances, and that in

determining whether the plaintiff used such care and diligence at the time of the alleged injury they will consider the nature of the alleged defect in the sidewalk, whether it was visible or not, the knowledge of the plaintiff of the condition at a time previous to the alleged injury, and such other facts or circumstances disclosed by the evidence which might tend to show the alleged negligence or the absence of it, and if they find from the evidence that the plaintiff was guilty of any negligence which directly contributed to the alleged injury, then the plaintiff cannot recover, and they will find for the defendant.

" 10. It was the duty of the plaintiff after he received the injuries complained of to use ordinary care to heal and cure himself of said injuries, and if the jury believe from the evidence that the plaintiff used his leg sooner than he should have used it, and thereby aggravated its condition and retarded its healing, he cannot recover damages for injuries resulting from such imprudent use of his leg."

The other material facts will be found in the opinion.

*Mr. S. T. Thomas*, Attorney for the District of Columbia, and *Mr. A. B. Duvall*, Assistant, for the plaintiff in error.

*Mr. Franklin II. Mackey* and *Mr. Chas. Cowles Tucker* for the defendant in error.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

The appellee, David E. Haller, brought this action against the District of Columbia to recover damages for injuries received by him, by reason, as he alleges, of the defective condition of the sidewalk of one of the public streets of the city of Washington. The accident occurred on the evening of the 14th of January, 1893, and the injury received was the breaking of one of the legs of the plaintiff.

He alleges in his declaration, that while he was passing

along and upon the sidewalk, and using due care in so passing, he was violently thrown to and fell upon the ground by reason of his foot *slipping* into a hole or depression caused by certain of the bricks of said sidewalk having sunken below the level thereof, and of the existence of which dangerous defect in said sidewalk the defendant had due notice.    He alleges that, by reason of the fall, occasioned by the defect in the sidewalk, he fractured his leg, and was otherwise greatly hurt and injured.

The defendant pleaded not guilty; and the trial resulted in a verdict for the plaintiff.

The plaintiff was a witness for himself, and he proved that, in going along the street on the sidewalk, while snow and rain were falling, and there was a slight covering of snow on the ground, he *stepped* into a hole or depression in the pavement of the sidewalk, about four feet from the curb; that such hole or indentation in the pavement was about two feet long, ten inches wide, and seven inches deep, and sloped from the sides to the bottom in the form of a V.

The defendant moved the court to direct a verdict for the defendant, upon the ground of *variance* between the allegation in the declaration and the proof; the declaration averring that the injury was caused by reason of the plaintiff's foot *slipping* into a hole, and the plaintiff's testimony showing that he *stepped* into the hole.    The court refused to grant the motion or prayer, and that refusal is assigned as error on this appeal.    There are several other errors assigned ; but as this supposed error in regard to variance lies at the threshold of the case, we will consider that as first in order.

1. We do not think this a material variance.    Whether the plaintiff's foot slipped into the hole, or it was stepped into the hole, can hardly make a substantial distinction. The material and substantial matter of fact, both of allegation and proof, was, that in passing along the sidewalk, in the ordinary way, he got his foot into a hole, by which he was thrown down and injured.    The cause of action was the

alleged negligence of the defendant in allowing a dangerous hole to exist in the sidewalk; and if the existence of the hole was the real cause of the injury, and the plaintiff was using due care, as a pedestrian on the sidewalk, to avoid injury, it is difficult to perceive wherein the defendant was misled or prejudiced by the supposed variance. Whatever may have been the strict principles governing in the older cases, the modern doctrine, as shown by Mr. Taylor in his work on Evidence, Vol. 1, p. 214, has been greatly liberalized in the interest of justice and the fair trial of facts. Hence it has been held, that variance between allegation and proof is not material, unless it misleads the adverse party to his prejudice. *Deakin* v. *Underwood,* 37 Minn. 98. And in the case of *Pettengill* v. *City of Yonkers,* 116 N. Y. 558, where, under a complaint alleging negligence on the part of the city in excavating a dangerous hole or trench, and throwing up a dangerous embankment therefrom in the street, by and under the direction of the defendant, and in suffering the trench and embankment to be without protection or notice to travelers, it was held, that evidence was admissible to show either a dangerous obstruction created by the city, and left unguarded, or a like obstruction created by some third person, and left unguarded by the city after notice of its existance. See, also, the case of *Rock Island* v. *Cuinely,* 126 Ill. 408.

2. The next error assigned is upon the ruling of the court in refusing to strike out the testimony of a witness who had testified as to what was the physical condition of the plaintiff before and after the happening of the injury.*

The question here presented requires but little to be said

---

* Note.—The witness testified, according to the record, that he was engaged in the same business as the plaintiff, whom he had known for twelve or thirteen years; that the plaintiff's physical condition prior to the accident was very good, and that he was a strong, able-bodied man; that witness worked with plaintiff for ten years and saw much of him before and since the accident, and that "there is a marked difference in his physical condition; that he is lame now, where he was not lame before, and complains of a great deal of pain."— Reporter.

in regard to it. It was not a question of science, but a matter of ordinary observation, in regard to which any person, sufficiently acquainted with the individual affected, could give evidence. In 1 Greenleaf's Evidence, Sec. 440a, it is said : " All witnesses are competent to form a reliable opinion whether one whom they have opportunity to observe appears to be sick or well at the time; or whether one is seriously disabled by a wound or a blow. But if the inquiry were more definite, as to the particular state of disease under which one is laboring, and its curable or fatal character; or as to the dangerous or fatal character of a wound or blow ; or in what particular mode, or with what species of weapon or instrument, such blow or wound was inflicted, special study, observation, and experience might be required in order to express an opinion entitled to the dignity of being regarded as evidence." The author then proceeds to illustrate, by stating instances from decided cases, in support of the principle laid down in his text. The court below was clearly right in refusing to strike out the testimony of the witness.

3. The errors assigned on the rulings of the court as set out in the third, fourth, fifth, sixth and seventh exceptions, may be considered together. The first of these exceptions was taken to the refusal of the court to allow the witness, an inspector of sewers, to answer a mere hypothetical question, to wit: Assuming that the depression in the sidewalk existed at the time of the accident, and that nothing since had been done to relieve or change it, whether the depression would be greater or less at the time of trial, than at the time of the accident ? The materiality of this question does not appear; but, at most, it sought to elicit a mere opinion of the witness, in regard to a matter that the jury were as capable of forming an opinion upon as the witness.

In the succeeding four exceptions, it was proposed to ask of witnesses, one an inspector of sewers, and the other an inspector in the engineer department of the District, whether,

in their opinion, the sidewalk, in the condition it was at the time of the accident, with, or without snow and ice, was in a dangerous condition or not.

The opinions of these witnesses were sought to be availed of as experts, or as the opinions of persons having special skill and knowledge upon the subject of inquiry; and the answers to the questions involved the very point which the jury were required to determine ; that is to say, whether the sidewalk was in a dangerous condition or not.   This mode of putting questions, even to expert witnesses, is not, ordinarily, allowable, because it requires the witness to pass upon all the facts and conditions under which the injury was suffered.   2 Tayl. Ev., Sec. 1278.

But the subject here under examination was not the subject of expert testimony, even if it were conceded that the witnesses were specially skilled in the matter of the construction of streets and sidewalks—a fact that does not appear, either directly or inferentially.

The rule upon this subject is, perhaps, nowhere better stated than by Mr. Smith in his note to the leading case of *Carter* v. *Boehm*, 1 Sm. Lead. Cas. 760.   In his note the learned editor says : "On the one hand, it appears to be admitted that the opinions of witnesses possessing *peculiar skill* is admissible, whenever the subject matter of inquiry is such that *inexperienced persons* are unlikely to prove capable of forming a correct judgment upon it without such assistance.   In other words, when it so far partakes of the nature of a science, as to require a course of previous habit, or study, in order to the attainment of a knowledge of it.   While, on the other hand, it does not seem to be contended that the opinion of witnesses *can be received* when the inquiry is into a subject matter, the nature of which is not such as to require any peculiar habits or study, in order to qualify a man to understand it."   Here, no peculiar habit or study was required to enable any intelligent person to understand when a sidewalk of a street was dangerous.   The common observation of people in the

habit of traveling the pavements is full and ample means of knowledge as to the safe condition of the pavements; and it does not require a skilled expert to inform the jury as to when the streets or sidewalks are in a safe or dangerous condition. It has been held by the Supreme Court of the United States, that where the subject of a proposed inquiry is not a matter of science, but of common observation, upon which the ordinary mind is capable of forming a judgment, experts ought not to be permitted to state their conclusions. *Railway Co.* v. *Kellogg,* 94 U. S. 469, 473.

There was no error, therefore, in the rulings of the court as set out in these exceptions.

This brings us to the instructions granted upon the whole evidence of the case.

On the part of the plaintiff there were three prayers offered, and all of which were granted by the court. And on the part of the defendant there were ten prayers offered, and nine of which were granted, the first in the series being rejected. This rejected prayer related to the subject of variance between the allegation and proof, and has been already considered and disposed of. The prayers granted would seem to have embraced the entire case, as well the case made by the plaintiff as the defense urged by the defendant.

In such actions as the present two things must concur to support the action. First, the injury must be shown to have been caused by a defective condition of the street or sidewalk—such defective condition being shown to exist by the negligence of the defendant; and, second, that there was no want of ordinary care to avoid such injury, on the part of the plaintiff. Ordinary care is presumed to have been observed, until the presumption is overcome, by proof in defense; and by ordinary care is intended ordinary prudence, which does not require the traveler to look far ahead for obstructions or defects which ought not to be suffered to exist. For it is a general rule that a traveler has a right to assume the safety of a public way or sidewalk, and is not

bound to be on the lookout for special danger therein. *Thompson* v. *Bridgewater*, 7 Pick. 188 ; *Palmer* v. *Andover*, 2 Cush. 600 ; *Jennings* v. *Van Shaick*, 108 N. Y. 530 ; *Pettengill* v. *City of Yonkers*, 116 N. Y. 558 ; *Buck* v. *Biddeford*, 82 Me. 433 ; *Osborne* v. *Detroit*, 32 Fed. Rep. 36. It was in accordance with these general principles that the first and second prayers of the plaintiff were framed ; and the third prayer of the plaintiff, relating to the measure of damages, seems to be free from any substantial error. Indeed, we do not understand that there is any serious objection to the legal propositions involved in the instructions given for the plaintiff; but the prayers have been subjected to criticism, because, as it is supposed, they are not sufficiently precise and definite in calling the attention of the jury to the facts of the case. But all the instructions must be taken together, those for the defendant with those for the plaintiff; and if all the instructions so construed, in connection with the general charge to the jury, have the effect to place the case fully and fairly before the jury for their consideration, without tendency of misleading them, there can be no just ground for complaint. The charge to the jury was very full, and all nine of the granted prayers for the defendant were specifically referred to and explained ; and as all the prayers for both sides were read as parts of the charge, they went to the jury as an entire instruction. The prayers for the defendant presented every hypothesis that the evidence would admit of as against the right of the plaintiff to recover, with strong and special emphasis as to the only conditions upon which the plaintiff could recover under the instructions. It would seem to be entirely improbable that the jury could have been misled, to the prejudice of the defendant, by anything that appears in the instructions and charge given by the court. And finding no error, we must affirm the judgment, with cost to appellee.

*Judgment affirmed.*