[Central of Georgia Ry. Co. v. Bagley.]


# Central of Georgia Ry. Co. *v.* Bagley.

## *Injury to Passenger.*

(Decided May 9, 1911. Rehearing denied June 27, 1911.
55 South. 894.)

1. *Carrier; Passenger; Complaint.*—In an action for injury to a passenger, a complaint which alleges that the conductor negligently required the passenger to leave the train at a place highly dangerous for her to do so, on his refusal to accept her ticket, and which sets forth the facts as to danger of the place for an old and infirm person to disembark, states a cause of action as against the demurrer interposed.

2. *Same; Issues; Evidence.*—Where the action was for injury to a passenger who was required to disembark because her ticket was defective, and because she refused to pay fare, and the issues were the negligence of the carrier in requiring her to disembark at a dangerous place, and the plaintiff's contributory negligence, evidence that the passenger was old and infirm, that she was required to leave the train in the early morning before good daylight, that she carried a suitcase, that the conductor saw her but offered no assistance, that she left the car from the rear platform, and that the distance from the steps of the platform to the ground was from three to four feet, was competent under the issues.

3. *Same; Right to Eject Passenger.*—A carrier issuing a round trip ticket which needs to be validated to be good on the return trip need not carry a passenger on such ticket when the same has not been validated, and where such passenger refuses to pay fare, the passenger may be ejected.

4. *Same.*—In ejecting a passenger, which the carrier was authorized to do, the carrier must consider the safety of the passenger and not eject the passenger at a dangerous place.

5. *Same.*—Under the evidence in this case, it was a question for the jury as to whether in the justifiable ejection of the passenger, such passenger was ejected at a dangerous place resulting in injuries.

6. *Same.*—Whether an aged, female passenger was guilty of contributory negligence, in disembarking at a place designated by the carrier's agent, was under the facts in this case, a question for the jury.

7. *Same.*—Where a passenger believed in good faith that a ticket was good, and was required to leave the train because of a failure to present a good ticket or pay fare, such passenger could assume that the place selected by the conductor for her to alight with her baggage, was a safe place.

8. *Same; Existence of Relations; Obligation of Carrier.*—A person who boards a train in good faith believing that her ticket was good

is a passenger, and the carrier owes her a duty as such when requiring her to disembark.

9. *Same.*—A conductor who requires a passenger to disembark from the train because of the insufficiency of her ticket, and her refusal to pay the fare is required to know the perils of the place where he requires the passenger to disembark.

10. *Same; Misleading Instructions.*—Where the action was for injury to a passenger who was required to disembark because of the insufficiency of her ticket, and her refusal to pay fare, a charge asserting that if the jury were not reasonably satisfied that the conductor knew of the passenger's infirmity, and the peril attending her leaving the train at the time and place required, the carrier was not liable for injuries sustained in alighting, was misleading and properly refused.

11. *Evidence; Showing Purpose of Proof.*—Where the action was for injuries to a passenger ejected from a train, a question put to a witness as to whether he had not sworn as to the weight of a third person, was properly excluded in the absence of a showing of a purpose to lay a predicate to impeach the witness.

12. *Same; Opinion; Expert Testimony.*—An expert may not give his opinion as to whether the place at which a passenger was ejected from a train was a reasonably safe place for the passenger to alight; he may only state facts as to the nature of the place, and leave the determination of its reasonable safety to the jury.

13. *Witnesses; Cross Examination; Discretion.*—The latitude of cross examination to test the memory and sincerity of a witness rests largely within the discretion of the trial court.

14. *Charge of Court; Argumentative Instructions.*—A charge asserting that the jury cannot find that a person is old and infirm because fifty-six or fifty-seven years old, is properly refused as argumentative.

15. *Same; Invading Province of Jury.*—A charge asserting that if the jury believe the evidence they cannot find a particular fact, and one asserting that there is no evidence of a particular fact, may be properly refused as invading the province of the jury.

16. *Same; Conformity to Evidence.*—A charge predicated upon facts contrary to the evidence may be properly refused.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Action by Mrs. W. W. Bagley against the Central of Georgia Railway Company for injury to her as a passenger. From a judgment for plaintiff, defendant appeals. Affirmed.

The second count is as follows: "The plaintiff claims of defendant the further sum of $10,000 as damages, for that heretofore, to wit, on the 28th day of December,

1904, defendant was a common carrier of passengers from Woodlawn Junction, in Jefferson county, Alabama, to Columbus, Georgia, by means of a train upon a railway; that on said day plaintiff boarded said train at said Woodlawn Junction with a ticket which plaintiff had purchased from defendant, purporting to be a ticket for one passage to said Columbus, Georgia, and plaintiff in good faith believed that said ticket entitled her to be carried by the defendant as its passenger from said Woodlawn Junction to said Columbus, and in good faith plaintiff boarded said train at said Woodlawn Junction to be carried by the defendant on said train as its passenger, and in good faith plaintiff tendered said ticket to defendant's conductor on said train as evidence of her right, as she believed, to ride thereon; that, notwithstanding said tender, said conductor required plaintiff to leave the train at a point at or near said Woodlawn Junction, which point was in Jefferson county, Alabama, and a long distance short of her said destination, to wit, said Columbus; that in or about requiring plaintiff to leave said train defendant's conductor negligently caused plaintiff, who was an old and infirm woman, to leave said train when the steps over which plaintiff was required to leave said train as aforesaid were a great distance from the ground, and by reason thereof it was highly dangerous to plaintiff to so leave said train at said point, and in or about attempting to leave said train at said point in obedience to said requirement of said conductor plaintiff slipped or fell, and her hip, knee, and shoulder were sprained, wrenched, broken, and otherwise injured, she was crippled and disfigured, suffered great mental and physical pain, her health and physical stamina were greatly and permanently impaired, she is likely for a long time to continue to suffer.

great mental and physical pain and to be crippled and disfigured, and she was put to great trouble, inconvenience, and expense for medicine, medical attention, care, and nursing in or about her effort to heal and cure her said wounds and injuries."

The demurrers are that the duty of defendant to carry plaintiff is a mere conclusion of the pleader, and no facts are shown making it the duty of the defendant to carry plaintiff as a passenger upon said train; that the wrongful ejection of plaintiff from said train is not shown to have proximately caused the injury. It is not alleged or shown that plaintiff, when she boarded said train, had any ticket which entitled her to be carried on said train; that the good faith of plaintiff in believing that she was entitled to be carried on said train would not constitute plaintiff a passenger thereon; that it is not alleged or shown how or in what manner the conductor was negligent in causing the plaintiff to do so. The complaint was afterwards amended by striking out the words "as defendant's passenger" where they first occur together in count 2.

The defense was contributory negligence in getting off on the side which she did, when by getting off on the other side, which was entirely safe and practicable for her to do, she would have gotten off upon the safe side. The other pleas set up the same facts in different ways, coupled with the allegation that she was incumbered with a heavy suit case.

The questions put to Moncrief, to which objection was sustained, are as follows: "Didn't you swear before, on the other trial, that Coyle weighed 160 pounds?" and "Will you tell the jury whether or not there was anything peculiar about his face when he left home that morning?" The question as to expert testimony to the witness Moncrief was as follows: "I will ask you as an

expert whether there is any reason why a person, an ordinary person, not incumbered with any luggage at all, could not safely get off the train at that point?"

The following written charges were refused to the defendant: (20) "I charge you that, if you believe the evidence, the defendant's conductor was under. no obligation or duty to assist the plaintiff in alighting from the train." (21) "I charge you that it is not the duty of the conductor to assist the plaintiff in carrying her baggage out of the car." (22) "I charge you that the fact that the plaintiff had with her a suit case would not impose upon the conductor any greater duty to assist her in leaving the train than if she did not have any baggage." (26) "I charge you that you cannot find that the plaintiff was old and infirm, merely because she was 56 or 57 years old." (27) "I charge you that if you believe the evidence, you cannot find that the conductor knew that the plaintiff was old and infirm." (28) "I charge you that there is no evidence that the conductor knew that the plaintiff was old and infirm." (12) "I charge you that, if you are not reasonably satisfied from the evidence that the conductor knew of the infirmity of the plaintiff and the peril attending her leaving the train at that time and place, the defendant would not be liable for any injuries she may have sustained in alighting from the train." (14) "I charge you that, if you believe from the evidence that the plaintiff was not a passenger on defendant's train on the 28th day of December, 1904, the conductor in charge of the train had a right to notify plaintiff to leave said train at said time and place, and the defendant is not liable for injury the plaintiff may have sustained, unless the conductor knew or ought to have known that for the plaintiff to get off the train at that time and place would be attended with danger to the plaintiff." (6) "I charge

you that, under the undisputed evidence in this case, defendant's conductor had the right to require plaintiff to leave its train, and unless the jury is reasonably satisfied from the evidence that the conductor knew that the place where plaintiff alighted was dangerous or likely to injure plaintiff, then the plaintiff cannot recover." (17) "I charge you that the burden is upon the plaintiff to reasonably satisfy the jury by the evidence that the servants of the defendant knew that the place where the plaintiff alighted was dangerous or likely to produce injury." (19) "I charge you that the relation of passenger and carrier did not exist between the plaintiff and defendant on the morning of the 28th of December, 1904, at the time of the alleged injury, and that the defendant owed the plaintiff no duty as a passenger, and cannot be held liable for any injury she may have received in alighting from the train, unless the servants of the defendant intentionally caused or required the plaintiff to leave said train with knowledge or notice that it would be dangerous to the plaintiff to leave the train at that point." (24) "If the jury believe from the evidence that at the place where the plaintiff alighted there was a long step down from the steps of the car to the ground, which was obvious, and the plaintiff attempted to alight from the car with a heavy bag or dress suit case in her hand, without calling for assistance, and as a consequence fell and was injured, she cannot recover."

There was verdict and judgment for $4,000.

LONDON & FITTS, for appellant. The demurrers should have been sustained to the complaint.—*City Council v. Hughes,* 65 Ala. 201; *Lacy v. Holbrook,* 4 Ala. 88; *Lovell v. DeBardeleben C. & I. Co.,* 90 Ala. 13; *Patrick v. Hutchison,* 91 Ala. 320; *M. & O. v. George,*

94 Ala. 214; *Ensley R. Co. v. Chewning,* 93 Ala. 26; *Bescemer L. & I. Co. v. Campbell,* 121 Ala. 50; *Montgomery St. Ry. Co. v. Armstrong,* 123 Ala. 233. It must appear from the pleading that the servant knew that the time or place was not suitable for the ejection of passengers. —*Johnson v. L. & N.* 104 Ala. 241; *So. Ry. v. Williams,* 143 Ala. 212; *C. of G. v. Foshee,* 125 Ala. 199. The court erred in refusing charges 20, 21, and 22.—4 Elliott on Railroads, sec. 1628-a; 5 A. & E. Enc. of Law, 579; *So. Ry. v. Hobbs,* 63 L. R. A. 68; *Yarnell v. R. R. Co.* 18 L. R. A. 599. Plaintiff was conclusively presumed to have known the contents of the ticket, and to have agreed to the conditions on which it was sold.— *McGee v. Reynolds,* 117 Ala. 413; Hutchinson on Carriers, sec. 1028. The person was not old and infirm.— *Johnson v. L & N. supra; Sims v. S. C. Ry. Co.* 3 S. E. 301. An intruder is not a passenger.—*McGee v. Reynolds, supra; L. & N. v. Johnson,* 92 Ala. 204. There was no duty on the conductor to assist plaintiff from the train.—Authorities, supra. A conductor rightfully ejecting one from a train is not required to choose a place suitable to the age and infirmity of such person, of which he does not know, and which is not reasonably apparent to him.—*L. & N. v. Johnson,* 104 Ala. 241; s. c. 108 Ala. 62. The court erred in the admission of evidence.—*Ortez v. Jewett,* 23 Ala. 662; *Blakey v. Blakey,* 33 Ala. 661; *Bivens v. Brown,* 37 Ala. 424;*Beall v. Folmar,* 122 Ala. 414; *Seales v. Chambliss,* 35 Ala. 19; *Martin v. The State,* 104 Ala. 71; *Crawford v. The State,* 112 Ala. 17.

BOWMAN, HARSH & BEDDOW, for the appellee. The court properly overruled demurrers to the complaint.— 3 Thomp. on Neg. secs. 3244-5; *L. & N. v. Johnson,* 108 Ala. 62; *Haug v. Great N. Ry. Co.* 42 L. R. A. 664; 4

Enc. P. & P. 759, 760 and 762. When facts are stated out of which a duty arises, it is not necessary to state more than the negligent failure to do or perform.—*So. Ry. v. Burgess,* 143 Ala. 364; *C. of G. v. Edmundson,* 135 Ala. 336. 2 Hutchinson or Carriers, 1002. Having actually undertaken to eject a passenger, the conductor was required to do so with due care, all of which is sufficiently alleged.—*L. & N. v. Weathers,* 50 South. 270. Honesty and good faith are presumed.—1 Jones on Evid. sec. 12; 30 Conn. 559. Counsel discuss the charges refused, but without citation of authority.

DOWDELL, C. J.—The second count of the complaint, to which a demurrer was interposed and overruled, states a good and sufficient cause of action. The wrong complained of in this count and from which the alleged injury resulted consisted in the averred negligent act of the defendant's servant, the conductor on "said train," in requiring the plaintiff, an old and infirm woman, to leave "said train" at a place "highly dangerous" for her to do so. There is a general averment of negligence and facts stated as to the dangers of the place for an old and infirm person to disembark. The complaint we think was unobjectionable as to any of the stated grounds of demurrer, and in overruling it the action of the court was free from error.

The cause was tried on the plea of not guilty, and special pleas of contributory negligence. The plaintiff's evidence showed that the plaintiff as an intending passenger boarded the defendant's train at Woodlawn Junction, a suburb of the city of Birmingham, for return passage to her home in Columbus, Ga., on an excursion or round-trip ticket which she had purchased and paid for from the defendant railroad company at said Columbus, Ga., and on which she had been carried from

Columbus to Birmingham a few days previously; that she boarded the train in good faith, believing that she had the right to do so, and to be transported back to her home in Columbus on said ticket, which she tendered to the conductor, but which he refused to accept as fare for transportation because the same had not been "validated" as provided for in the ticket contract, and required the plaintiff to leave the train. The plaintiff testified: That she did not know of the required "validation" of the ticket until so informed by the conductor when she tendered it to him, and that, when she purchased it, she was not required by the selling agent to sign her name. The evidence of the plaintiff further showed that she was 57 years old at the time of the alleged injury, and was infirm; that the time she was required to leave the train was in the early morning before good daylight, the car she was leaving being lighted up, the morning foggy and very cold, the ground frozen. She carried a heavy suit case, and the conductor saw her when she was in the act of quitting the car, but offered no assistance. She left the car from the rear platform, and the distance from the steps of the platform to the ground was between three and four feet. That at the time she could not tell the distance to the ground from the step; it being too dark for her to see the ground. That, when the conductor told her she would have to get off, she asked him if she must get off at that place, and he replied, "Yes; right here." These were facts relevant and competent in evidence to go to the jury under the issues, and were properly admitted by the court.

While the defendant was under no legal duty to carry the plaintiff as a passenger on the return ticket without the same having been "validated" as provided in the contract, and had the right to eject her upon refusal to

pay fare, yet in ejecting her the defendant was bound to consider her safety, and not to eject her at a dangerous place. In Hutchinson on Carriers, § 1084, it is said: "And in general it may be said that while the carrier may not be required to pay regard to the mere convenience of the passenger, when he has forfeited his right to be carried by his conduct or refusal to comply with his regulations, he cannot eject him in such manner as to endanger his safety, as by ejecting him while the train is in motion, *or in a dangerous place* (italics ours), without making himself liable for the consequences." And in section 1083 (same author) it is said: "Regard must be had for the age, sex, and condition of the passenger, and the surrounding circumstances, such as the state of the weather, the time of the day, the condition of the country. * * * The question of the suitableness of the time and place is therefore ordinarily one for the jury." In the case of *Louisville & Nashville Railroad Company v. Johnson, Adm'x,* 108 Ala. 62, 66, 19 South. 51, 53 (31 L. R. A. 372), this court, speaking through Haralson, J., said: "It is opposed to authority and reason and the common instincts of humanity to allow, because the passenger is intoxicated, whether *to a greater or less degree, and* misbehaves in a manner authorizing the conductor to expel him from the train, that such expulsion may be made without the exercise of due care for the safety of the passenger, having reference to the time, place and surroundings."

So it appears upon reason and authority that the defendant, in the exercise of its right in the expulsion of the plaintiff from its train, was bound to act with due care for her safety; and, in the determination of this question, the elements of time, place, condition of the weather, the age and sex of the party are to be taken

into consideration by the jury. The carrier is bound to take notice of the character of the place at which he exercises his right of ejecting or expelling a passenger from his train.

And whether or not it is a dangerous place becomes a question of fact for the determination of the jury under all the attendant circumstances.

There was no error in overruling defendant's objections to questions put to the witness Moncrief on cross-examination. It does not appear from the record that the purpose of the questions was to lay any predicate for impeachment of the witness.—*Floyd v. State*, 82 Ala. 21, 2 South. 683.

The latitude of a cross-examination for the purpose of testing the memory, sincerity, etc., of the witness, is largely within the discretion of the trial court, and may and often does relate to immaterial matters without the issues of the case.—*Southern Railway Co. v. Brantley*, 132 Ala. 657, 32 South. 300; *Sloss-Sheffield Steel & Iron Co. v. House*, 157 Ala. 663, 47 South. 573; *Noblin v. State*, 100 Ala. 14, 14 South. 767; *Tobias & Co. v. Triest & Co.*, 103 Ala. 670, 15 South. 914.

There was no error in refusing to allow the witness Moncrief, on the objection of the plaintiff, to give his opinion as an expert as to whether the place was a reasonably safe place for the plaintiff to leave the train. This was no matter for expert testimony, and, as well stated by the trial court, it was for the witness to state the facts as to the nature of the place, and for the jury to determine whether it was reasonably safe.

The plaintiff in leaving the train at the place where she was required by the conductor to leave under the circumstances had a right to assume that it was a safe place for her to get off, and in getting off with her suit case in her hand could not be said, as a matter of law,

to have been guilty of negligence; and the question was one properly left to the jury and the general affirmative charges requested by the defendant along this line under the pleas of contributory negligence were properly refused.

Assuming that the plaintiff boarded the train in good faith and honestly believing that she would be carried on her return trip ticket back to Columbus, Ga., to all intents and purposes as to her safety in being put off of the train, there existed the relation of passenger and carrier, and the defendant was under the same duty of rendering needful assistance in discharging the plaintiff from the train as if she had been a passenger. Written charges 20, 21, and 22, requested by the defendant, were therefore properly refused.

Charge 26, if not otherwise faulty, was properly refused as being argumentative.

Charge 27 was invasive of the province of the jury and was properly refused.

Charge 28, refused to the defendant, has been frequently condemned by this court. The court is not required to tell the jury that there is no evidence of a particular fact.

Charge 12 was not only misleading in tendency, but was otherwise inherently bad.

The duty rested on the defendant's conductor to know of the perils of the place where he required the plaintiff to leave the train.

Charges 14, 16, 17, and 19, refused to the defendant, are each and all of them in their statement of the law opposed to the views we entertain, and as herein above expressed, and no error was committed in their refusal.

Charge 24 assumes that the long step down from the steps of the car to the ground was obvious, while the plaintiff testified that she could not see the ground as

she was descending the steps of the car, and the charge was therefore bad, besides being misleading in other respects.

We fail to find any reversible error in the record, and the judgment is affirmed.

Affirmed.

SIMPSON, McCLELLAN, and MAYFIELD, JJ., concur.