168 So. 179

## SOUTHERN RY. CO. v. SUMMERS.

### 8 Div. 716.

Supreme Court of Alabama.

April 9, 1936.

Rehearing Denied May 28, 1936.

W. H. Mitchell, of Florence, and Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellant.

418

Fred S. Parnell and Simpson & Simpson, all of Florence, for appellee.

## ANDERSON, Chief Justice.

As we understand, the trial court eliminated wantonness and subsequent negligence on the part of the defendant, confining the plaintiff's right to recover for simple, initial negligence, based on a conflict in the evidence as to whether or not the enginemen gave the required signals before reaching the crossing where the plaintiff was injured. This being the case, the defendant's plea of contributory negligence was a good defense.

So the question is whether or not the defendant's said plea of contributory negligence was established by the evidence beyond dispute. And, if it was, the defendant was due the general charge.

In dealing with the duty of persons before going upon or attempting to cross a railroad track, this court has laid down and repeatedly enunciated the following rule:

"That it is the duty of a person approaching the track of a railway for the purpose of crossing it to stop, and to look, and to listen, if need be—that is, if the exercise of the sense of sight does not suffice to fully disclose the situation for approaching trains—and that the omission of this duty, followed by injury in collision with a train, locomotive, or car while attempting thus heedlessly to cross over the track, is as matter of law negligence on the part of the traveler so contributing to the result as to defeat his action, counting on the injury as having been produced by the simple negligence of the railway company or its employees, are propositions of such universal acceptance, of such frequent declaration by this court, and of such obvious soundness that we shall neither discuss them nor cite authorities in support of them. It is equally clear on principle and authority that this duty must be performed at such time and place with reference to the particular situation in each case as will enable the traveler to accomplish the purpose the law has in view in its imposition upon him. He must stop so near to the track, and his survey by sight and sound must so immediately precede his effort to cross over it, as to preclude the injection of an element of danger from approaching trains into the situation between the time he stopped, looked, and listened and his attempt to proceed across the track. If he stops so far from the railway as that a train which could not be seen from that point could and does reach the crossing by the time he has traversed the intervening distance and gotten on the track, he negligently contributes to the resulting collision and injury. And the same is true if, though he stop at the track, he lingers there after looking and listening, and delays crossing until a train not in sight or hearing when he stopped, looked, and listened has come meantime upon the scene and collides with him when he does attempt to cross." Central of Georgia Railway Company v. Barnett, 151 Ala. 407, 44 So. 392, 393; Central of Georgia Ry. Co. v. Foshee, 125 Ala. 199, 212, 27 So. 1006; Louisville & Nashville Railroad Co. v. Turner, 192 Ala. 392, 68 So. 277; Saxon v. Central of Georgia Railway Company, 192 Ala. 434, 68 So. 313; Southern Railway Co. v. Irvin, 191 Ala. 622, 68 So. 139; L. & N. R. R. Co. v. Calvert, as Adm'r, 172 Ala. 597, 55 So. 812.

Applying the above rule to the facts in hand, had the plaintiff stopped and looked a few feet before reaching the track, he could have discovered the approaching train. The evidence shows that the engine had a bright headlight and the track was straight, and the fact that the plaintiff stopped or looked further back

and could not see the approaching train, because his view was obstructed, was a greater reason for stopping and looking when he reached a point where the vision was clear. The plaintiff admitted that, "after the front end of my car was twelve feet from the track I never did stop any more. At that point I could not see east up the track." Yet all of the plaintiff's evidence shows that the vision was clear several feet from the track. Quoting from brief of appellee's counsel, "witnesses said that you could not see any approaching train or any indications of approach until you got within six feet of the track." Had the plaintiff stopped within this distance and looked, he could have discovered the approach of the train in time to avoid the collision. So, accepting the plaintiff's own evidence, the defendant was due the general charge, though we may add that the great weight of the evidence shows that the train could have been seen further back. We have photographic presentations of the locus in quo and which clearly demonstrate that the plaintiff could have discovered the approach of the train in time to have avoided the injury had he complied with the rule above quoted.

Moreover, if the plaintiff's contention that the train could not have been seen, had he stopped just before reaching the track, be conceded, it was his duty to stop and listen. Had he stopped just before going on the track, he would have heard the train. It was late at night, the surroundings were quiet, and, had he stopped his car just before going on the track, he could have heard the train which could not have been far from him.

The plaintiff's witness "Donaldson," who lived about 80 yards from the crossing, said: "The train makes a noise when it comes, and you can hear it coming. Sometimes I hear the train moving when it passes my house, and sometimes I don't according to which way the wind is from. I generally hear it when it passes."

The plaintiff's witness, L. J. Richard, who lived a quarter of a mile from the crossing, and who heard the "crash," said: "I heard the rumble of this train before I heard the crash." So, if the plaintiff had stopped at the crossing just before going on the track, he could have heard the near approaching train. Therefore, if we concede that the plaintiff could not have seen the train had he stopped nearer than he did, he could have heard it. Indeed, what has been said in the case of Central of Georgia Railway Co. v. Barnett, supra, is quite appropriate to the facts of the present case.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

GARDNER, BOULDIN, and FOSTER, JJ., concur.