89 So.2d 738

**ALABAMA GREAT SOUTHERN RAIL-
ROAD COMPANY**

v.

Burnett Morgan BISHOP.

7. Div. 291.

Supreme Court of Alabama.

June 14, 1956.

Rehearing Denied Oct. 4, 1956.

Copeland & Copeland and Hawkins & Rhea, Gadsden, and Hare, Winn & Newell, Birmingham, for appellee.

Lusk, Swann & Burns, Gadsden, for appellant.

120

SIMPSON, Justice.

The plaintiff recovered a judgment for personal injuries from which the defendant has appealed. Upon the former appeal of the case it was held that the defendant was entitled to the affirmative charge. Alabama Great So. R. Co. v. Bishop, 259 Ala. 629, 68 So.2d 530.

On the trial below which followed, one count was submitted to the jury charging the defendant with negligently constructing or maintaining a public railroad crossing in allowing a crevice to exist between the tracks and a cross-tie or timber parallel therewith and adjacent thereto. As a proximate consequence thereof the complainant alleged that, while crossing the tracks, plaintiff's foot was caught in the crevice and he was caused to fall, and while his foot was so caught the train ran over it.

On the former appeal, the court upon the evidence there presented, observed, "It is apparent that the only way and manner in which a person's foot could be accidentally caught in that crevice was what occurred

as appellee contends, that is, to fall across the rail so as to push the toe of his shoes straight down. It could not occur to one simply walking or running uprightly across the track unless he should fall * * *.

"We cannot see that it was a fair inference from the facts that the crevice produced a condition dangerous to one walking or running across the track in the observance of ordinary care." Alabama Great So. R. Co. v. Bishop, supra, 259 Ala. 632, 68 So.2d 533.

In the trial below, an expert witness (whose testimony was not offered on the former trial) testified on behalf of plaintiff. The defendant urges error on the part of the trial court in admitting the opinion evidence of such expert witness. The expert, one Kershaw, testified over defendant's objection that the construction of the crossing in question was not reasonably proper and safe from the standpoint of the safety of a pedestrian at a grade crossing much used by pedestrians; that the absence of any filling in the void creates a hazard in pedestrian, vehicular or animal traffic; that leaving the void unfilled left the crossing not reasonably safe for pedestrians; and that the crossing was not reasonably safe.

The crevice at the crossing in which the plaintiff's foot was caught, the maintenance of which is the only negligence on which the verdict rested, was approximately two inches in width and six inches in depth.

The rule governing admissibility of expert opinion evidence is that such evidence should not be admitted unless it is clear that the jurors themselves are not capable, from want of experience or knowledge of the subject, to draw correct conclusions from the facts proved. It is not admissible on matters of common knowledge. New York Life Ins. Co. v. Jones, 31 Ala.App. 417, 17 So.2d 879, reversed on other grounds 245 Ala. 247, 17 So.2d 883; Crotwell v. Cowan, 236 Ala. 578, 184 So. 195; Capital Motor Lines v. Gillette, 235

Ala. 157, 177 So. 881; Central of Georgia R. Co. v. Bagley, 173 Ala. 611, 55 So. 894; City of Birmingham v. Crane, 175 Ala. 90, 56 So. 723; McElroy on Evidence, §§ 127, 128, pp. 49–51; 20 Am.Jur., Evidence, §§ 765, 780, 781, 798, 819; 32 C.J.S., Evidence, § 520.

The strict question with regard to this testimony is whether or not an average juror would be capable of forming a correct conclusion in respect to the safeness or unsafeness for persons to walk over a crevice two inches wide and six inches deep in a populous railroad crossing. If this question is answered in the affirmative, the trial court was in error in allowing, over the defendant's objection, the expert to express the aforementioned opinions.

In Ellerbee v. Atlantic Coast Line R. Co., 258 Ala. 76, 61 So.2d 89, expert witnesses were permitted to express the opinion that the track at the point where the derailment occurred was in a safe condition for the use to which it was put.

An expert was allowed to express an opinion as to whether or not a ventilation system in a mine was adequate to remove the dust in Tennessee Coal, Iron & R. Co. v. Sizemore, 258 Ala. 344, 62 So.2d 459. In Atlantic Coast Line R. Co. v. Hardwick, 239 Ala. 58, 193 So. 730, the defendant sought to show by an expert the condition of the ventilator lift in question by propounding the following inquiry: "Was it a support suitable and satisfactory for the purpose for which it was used?" This court held that the expert should have been allowed to express an opinion thereon.

■ However, the above cases, cited by plaintiff in support of the trial court's ruling, are distinguishable from the case at bar in that the subject matter in respect to which the expert was allowed to give opinion evidence was not one of common knowledge and experience of men. We conclude that the subject here under examination, e. g., a crevice in a crossing (any more than a hole in the sidewalk or street)

does not require expert opinion that it would be safe or unsafe for pedestrians for the reason that, given the physical facts, the ordinary mind is capable of forming a judgment thereon. See Alabama Great So. R. Co. v. Baum, 249 Ala. 442, 31 So.2d 366; Capital Motor Lines v. Gillette, supra; New York Life Ins. Co. v. Jones, supra; Downing v. Drybrough, Ky., 249 S.W.2d 711; Burton v. Horn & Hardart Baking Co., 371 Pa. 60, 88 A.2d 873; Ming v. City of Jackson, 202 Miss. 260, 31 So.2d 900; District of Columbia v. Haller, 4 App.D.C. 405; Central of Georgia Ry. Co. v. Bagley, supra; City of Birmingham v. Crane, supra.

For the error in admitting the testimony of Mr. Kershaw as above referred to the judgment must be reversed.

Appellant insists that the affirmative charge should have been given on its behalf. For the purpose of another trial we will write to this point.

Viewing the tendencies of the evidence most favorable to the plaintiff, the material facts and reasonable inferences to be drawn therefrom appear to be as follows: Plaintiff walked up to the public railroad crossing and at a distance of ten to fifteen feet from such crossing he stopped and looked in the northerly and southerly directions, he testified he did not see the train in question. To the plaintiff's left, however, he did see a switch engine at a distance of approximately one hundred feet and coming toward the crossing puffing and blowing and making a "pretty good noise"; the plaintiff saw a trainman who was walking in front of the switch engine give a signal for the switch engine to back up; the plaintiff also testified that the trainman motioned for him to cross; the switch engine began backing away from the crossing. Plaintiff then proceeded toward the crossing; he did not again look to his right until he stepped across the first rail (the western rail); plaintiff testified that the train in question was at this time (i. e., after he stepped across the first rail)

about thirty-six yards away; the train was then traveling at a rate of approximately thirty-eight to forty miles per hour; plaintiff then jumped toward the second rail (the eastern rail); his left foot slipped, his toe caught in the crevice, and he fell forward. Before he could extricate himself, the train had passed over his left leg.

The crevice in which the plaintiff's foot was caught was between the east rail and a piece of timber extending parallel thereto and adjoining the pavement between the rails on its west. As heretofore stated, it was about two inches wide and six inches deep. The opening or crevice was made necessary so that the flange on the wheels could pass over in the operation of the train. There was expert evidence offered by plaintiff that the maximum depth which would be occupied by the flange of the wheel would be 1¼ inches.

■ The governing principle, as set out in the former opinion, is that the "defendant must not create a condition, either purposely or negligently, which is or will be dangerous to some person acting upon that condition in such way and manner as should be anticipated or foreseeable in the ordinary course of conduct by reasonably prudent people." Alabama Great So. R. Co. v. Bishop, supra, 259 Ala. at page 632, 68 So.2d at page 532.

■ Where a railroad constructs its road across a highway or public road, the duty devolves on it to construct and maintain the approaches and crossing in a condition reasonably safe for the use of the traveling public. Southern Ry. Co. v. Posey, 124 Ala. 486, 26 So. 914; Patterson v. South & North Ala. R. Co., 89 Ala. 318, 7 So. 437. The allowing of space to remain between the planking and the rail of a crossing sufficiently large to admit and hold a person's foot resulting either in injury from the crossing itself or by a collision from trains due to the inability to leave the crossing in time to avoid injury, has been held to present a jury question as to negli-

gence on the part of the railroad. Samkiwicz v. Atlantic City R. Co., 82 N.J.L. 478, 81 A. 833, 39 L.R.A.,N.S., 571; Chesapeake & O. Ry. Co. v. Pope, 296 Ky. 254, 176 S.W.2d 876; Gibson v. Chicago Great Western R. Co., 117 Minn. 143, 134 N.W. 516, 38 L.R.A.,N.S., 184; Spooner v. Delaware, L. & W. R. Co., 115 N.Y. 22, 21 N.E. 696, Ann.Cas.1913C, p. 1266; 44 Am.Jur., Railroads, §§ 496, 535, pp. 735, 736, 783.

■ In the light of these cases we hold the defendant was not entitled to the affirmative charge on the issue of initial negligence.

■ The next question for our determination is whether the plaintiff is barred of recovery because of his contributory negligence, thereby entitling the defendant to affirmative instructions with hypothesis on that issue. Unless the evidence regarding contributory negligence is entirely free of doubt or adverse inference, the question must be submitted to the jury. Capitol Motor Lines v. Billingslea, 246 Ala. 501, 21 So.2d 240, 157 A.L.R. 1207; Sloss-Sheffield Steel & Iron Co. v. Littrell, 246 Ala. 58, 18 So.2d 709.

The plaintiff argues that he was not, as a matter of law, guilty of contributory negligence for several reasons: The train gave no signal of its approach, any noise of its approach was obscured by the noise of a switch engine, some obstruction of view, and the fact that a trainman on a switch engine signalled the plaintiff to cross.

On a careful consideration of the entire evidence, we have concluded, although the question is a close one, that the issue of contributory negligence was properly left to the jury. The following facts have some support from the evidence: Plaintiff is probably chargeable with notice of the approach of the train that hit him and with the duty to stop, look and listen before attempting to cross the tracks. Louisville & N. R. Co. v. Bailey, 245 Ala. 178, 16

So.2d 167; Southern R. Co. v. Summers, 232 Ala. 417, 168 So. 179. But at the time a switch engine was approaching from his left about one hundred feet from the crossing making much noise. Plaintiff was thus in a position where two trains were in view with a trainman by the switch engine signalling it to go back and motioning the plaintiff to cross. The switch engine began to back off from the crossing whereupon plaintiff, in response to the trainman's signal, proceeded toward the crossing and stepped across the first rail when the train on his right was approaching about thirty-six yards away. When the plaintiff saw the trainman give the back-up signal to the switch engine and the forward signal to him and responded thereto, he was by that time practically over the first rail. He then undertook to jump across the tracks in front of the approaching train when his foot became engaged in the crevice and he fell. Whether it was negligent for him to be over the first rail was affected by the movement and noise of the switch engine and the signal of the trainman. It may not have been a part of the duty of the trainman to signal him to cross and the railroad may not be responsible for his doing so, but it was an incident occurring at that time that may have had some influence inducing him to go forward. We are dealing here with seconds. He started across, looked up and saw the train bearing down upon him. The confusion of the switch engine backing and the signal of the trainman probably stimulated him forward. When he saw the train thirty-six yards away, he had time to cross, barring accidents, and undoubtedly could have done so but for the accident of his foot slipping and being caught in the crevice which he did not foresee. We think the jury could have found that he was thus influenced and situated and that it was for them to say if that was the situation and his reactions, and whether a reasonably prudent man so situated would have taken the chances of crossing or would have stepped back off the first rail and not attempted to cross

when he saw the train bearing down upon him. His decision, of course, had to be instantaneous.

The following from 44 Am.Jur., p. 783, § 535, is pertinent here and to our minds persuasive of the foregoing conclusion:

"When a collision is attributable to some occurrence which hinders or prevents a traveler from getting across the tracks ahead of a train, rather than to his miscalculation of the speed of an approaching train, his attempt to cross in advance of the train has been held not to constitute negligence per se. If, for example, a pedestrian attempting to cross a railroad track catches his foot by reason of the defective condition of the crossing, recovery for injuries received by being struck by the train is not barred merely because he knew the train was approaching before he attempted to cross the track. But according to the weight of authority, if a person attempts to cross in advance of a train and stumbles or falls upon the tracks through no fault of the railroad company there can be no recovery for an injury from being struck by the train. A crossing should not be attempted without making allowance for the contingency of falling, and if it is, the pedestrian assumes the risk of injury."

In view of the rule in Alabama that in civil cases the question must go to the jury if the evidence or the reasonable inferences arising therefrom furnish "a mere 'gleam,' 'glimmer,' 'spark,' 'the least particle,' the 'smallest trace'—'a scintilla'" in support of the theory (Ex parte Grimmett, 228 Ala. 1, 152 So. 263), we are constrained to hold that the question of contributory negligence was for the jury and that there was no error in refusing the affirmative instructions requested by the defendant.

Our attention being directed to authorities not cited upon the last appeal has led

us to the conclusion that the question of initial negligence as well as contributory negligence was for the jury.

For the error noted hereinabove, however, the cause is reversed.

Reversed and remanded.

LIVINGSTON, C. J., and GOODWYN and SPANN, JJ., concur.

On Rehearing

SIMPSON, Justice.

The appellee urges that it is not reversible error to admit expert opinion evidence on a matter of common knowledge, citing Norwood Clinic, Inc., v. Spann, 240 Ala. 427, 199 So. 840.

■ Further research confirms the opinion on original deliverance that it is reversible error to admit expert opinion evidence on a matter of common knowledge, because such evidence invades the province of the jury. We will review briefly some of our cases holding to this view.

The trial court was reversed for admitting a doctor's opinion that the loss of one arm works total disability to do manual labor for the reason that an expert witness cannot "invade the province of court or jury in dealing with matters of common knowledge." Equitable Life Assur. Soc. of United States v. Davis, 231 Ala. 261, 164 So. 86, 89.

The Gillette case, cited in the original opinion, reversed the lower court on the single ground of the admission of expert opinion evidence on a matter of common knowledge. Testimony by a school principal to the effect that the plaintiff was not "really able to teach school" was admitted. The case states: "We are of opinion that in this ruling there was error. It admitted opinion evidence on one of the complex issues for the solution of the jury." Capital Motor Lines v. Gillette, 235 Ala. 157, 177 So. 881, 885.

An early Alabama case on the point reversed the trial judge for admitting expert evidence on the effect of a piece of iron striking a scaffold upon which the deceased was standing. The court said that "the natural effect of the iron's striking against the scaffold was a matter within common knowledge, and the jury was as competent to form an opinion as a witness; and we think the court in this respect erred in permitting the witness to give his opinion against the objection of the defendant." Decatur Car Wheel & Mfg. Co. v. Mehaffey, 128 Ala. 242, 29 So. 646, 651.

■ This Court, in Burnwell Coal Co. v. Setzer, 191 Ala. 398, 67 So. 604, 607, said that "An expert witness, qualified to that end, may give his opinion as to the safety or danger of a place, or an appliance, when that issue is involved on the trial." That is true, but the admission of expert opinion evidence on the safety or danger of a place when that issue is involved on the trial is not inconsistent with, rather it is limited by, the rule that an expert witness may not testify to a matter of common knowledge. An examination of the Setzer case shows that the matter there inquired about was a proper case for expert testimony and not a matter of common knowledge.

■ True, the trial court has a certain amount of discretion in the admission of expert testimony. But that discretion goes to the qualification of the expert. Kozlowski v. State, 248 Ala. 304, 27 So.2d 818; Johnson v. Battles, 255 Ala. 624, 52 So.2d 702. And it would be outside the scope of that discretion to allow the expert to testify to a matter of common knowledge.

The holding in the Norwood Clinic case, supra, that it was not error to admit expert opinion evidence on a matter of common knowledge was not necessary to a decision on the point considered and is somewhat in conflict with the foregoing cases, and we are unwilling to accept it as authority to avert a reversal for the admission of the stated evidence.

Applicant cites § 437, Title 7, Code of 1940, as supporting his contention that "the safety or danger of a place as affected by railroad tracks is not a matter of common knowledge and opinion evidence is admissible." We are not impressed with the force of this contention. In the light of former decisions of this Court, we do not think the statute could be construed as meaning that with respect to the particular evidence under consideration it could be said that such is not a matter of common knowledge or that expert opinion evidence is admissible on that question.

Many authorities are cited and cogently argued by appellee, but it would unduly burden this opinion to treat each of them. Suffice it to say that after much study of applicant's able brief, we are constrained to adhere to the original opinion.

Rehearing denied.

All the Justices concur.