# Mobile & Girard R. R. Co. v. Commissioners Court of Pike Co.

*Mandamus to Compel Performance of Corporate Duty.*

1. *Constitutionality of statute.*—The act conferring on the Criminal Court of Pike county authority to grant writs of mandamus and other writs grantable by judges at common law, is not unconstitutional because its title is "to amend section 23 of an act to establish a Criminal Court for the county of Pike"—which section relates to and prescribes the jurisdiction of the court; the amendment extending the jurisdiction to other subjects.

2. *Proof in mandamus proceeding.*—When on application for writ of mandamus to compel a corporation to place a public road crossed by its railway in a satisfactory condition, the rule *nisi* is served on persons who deny that they are the agents of the corporation, but are in the employ of another corporation having control of its rail road, and there is no evidence to show that the persons served are the agents of the corporation proceeded against, the application should be denied.

3. *Parties to mandamus proceedings.*—When it appears that the railway neglecting the duty imposed by statute has been leased for a long term of years to another corporation, which in turn had leased all its lines of railway to another corporation, the owner of the road as well as the corporation in possession of the road should be made parties to the proceeding.

APPEAL from Criminal Court, Pike County.
Tried before Hon. W. H. PARKS.

[Mobile & Girard R. R. Co. v. Com'rs Court of Pike Co.]

Petition by the Commissioners Court of Pike county for a writ of mandamus to compel the Mobile & Girard Railroad Co. to place public roads in good condition where crossed by its track. The petition was granted and the company appealed.

GARDNER & WILEY, for appellants, contended that there was no service of process on the corporation; citing *Winter v. Baldwin*, 89 Ala. 486; *Ex parte Cowert*, 92 Ala. 94; Acts 1890-91, p. 391.

M. N. CARLISLE, for appellee.

McCLELLAN, J.—The act conferring on the Criminal Court of Pike county, the "authority to grant . . . . . writs of *certiorari, mandamus* and *supersedeas,* and all other remedial writs which are granted by judges at common law" is not open to the constitutional objection that its subject matter is not expressed in its title. The title of the act, so far as it need be stated here, is "to amend section 23 of an act to establish a Criminal Court for the county of Pike with criminal jurisdiction in misdemeanor cases" &c. This section 23 in the original act related to, provided for and prescribed the jurisdiction of the court. The act under consideration amending this section also relates to, provides for and prescribes that jurisdiction, and extends the same to the grant of writs of *certiorari, mandamus* and *supersedeas.* The subject of the section is jurisdiction. The reference in the title of the amendatory act to the number of the section is a sufficient expression in the title of this act to cover any provision relating, as the one in question does, to the jurisdiction of the court.—*Ex parte Cowert*, 92 Ala. 94.

This is an appeal from an order of said Criminal Court awarding a *mandamus* to compel the Mobile & Girard R. R. Co. to place certain public roads, at points were it is alleged that company had built a railway across them, in a condition satisfactory to the Commissioner's Court of Pike county, as required by section 1581 of the Code. The rule *nisi* was served on certain civil engineers who had charge of the construction of the railway. They appeared and alleged in their answer that they were not the agents of the Mobile & Girard R. R. Co., but were in the employment either of the Central Railroad & Banking Company of Georgia which had possession and control of the Mobile & Girard Railway, and was building this extension thereof under a lease for ninety-nine years, or of the Richmond & Danville R. R.

[State ex rel. Harmon v. Hamil et al.]

Co., which had leased all the lines owned or controlled by the Georgia Company. The answer was demurred to and the following among other grounds of demurrer were assigned: 2nd. That the answer was insufficient to raise the question as to who were necessary parties respondent to the petition, because it was not sworn to. 3rd. That the Central Railroad & Banking Company, and the Richmond & Danville R. R. Co., were not necessary parties, and 4th. That the Mobile & Girard R. R. Co., was the only necessary party. The third and fourth grounds of demurrer were sustained. No action was had on the second assignment and we are to presume that it was waived. The record shows that issue was taken on the answer, and this involved an affirmation on the part of petitioner that the persons served were the agents of the corporation proceeded against. No evidence whatever was adduced to show the fact of such agency and it being with the petitioner to discharge the burden in that connection, the petition should have been denied because it did not appear that the party whose action was sought to be controlled by *mandamus* was before the court. This error will necessitate a reversal of the order below, and a remandment of the cause. Moreover, we are of the opinion that the corporation which was building the road and had the control and possession of it, as also perhaps the corporation owning the road, should have been brought before the court.

The duty prescribed by section 1581 of the Code is a corporate duty, and it can not be coerced except on a proceeding against the corporation itself.—*Winter v. Baldwin,* 89 Ala. 486.

Reversed and remanded.