[Nashville, Chattanooga & St. Louis Railway v. Ragan.]

# Nashville, Chattanooga & St. Louis Railway *v.* Ragan.

## *Accident at Crossing.*

(Decided May 12, 1910.    52 South. 522.)

1. *Railroads; Crossing; Duty of Railroad.*—Where a railroad constructs its road across a public highway the duty is on it to construct and keep the approaches and crossings in proper repair for the use of the traveling public.

2. *Same; Rights of Travelers; Contributory Negligence.*—One traveling the public highway across which a railroad track has been constructed may assume that the railroad has discharged its duties in putting and keeping the approaches and crossings in proper repair, and a traveler is not guilty of contributory negligence in crossing the track without first stopping and examining the condition of the crossing, but he must keep an ordinary lookout; a traveler, however, is guilty of negligence where he attempts to cross after discovering the defects in the crossing, or where the defects are obvious and glaring.

3. *Same.*—Under the evidence in this case it was a question for the jury as to whether the traveler was guilty of negligence in attempting to make this crossing with a well drilling apparatus, or whether he was guilty of negligence in the manner of driving the outfit over the crossing.

4. *Same; Damages; Evidence.*—Where the action was for injury to a well drilling outfit occasioned by a defect in the crossing of the railroad track and the public highway, and the evidence failed to show who made the repairs, it was error to permit evidence that the crossing was repaired several days after the accident.

5. *Same; Pleading and Proof.*—Where the action was against a railroad for damages resulting from a defective crossing and none of the pleas charged that plaintiff had been warned of the danger before attempting to cross, it was not competent for the plaintiff to introduce evidence showing that no guard or guide had warned him of any danger.

6. *Same; Instructions.*—Where the action was against a railroad for damages to a well drilling outfit alleged to have resulted from a defective crossing, a charge asserting that if the use of the crossing at the time by such an outfit was in extraordinary use, the plaintiff could not presume that the crossing was in a safe condition, but he first must ascertain whether it was safe, and if he fails to do so, the verdict must be for the defendant, required a too high degree of care on the part of plaintiff in making the crossing.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

[Nashville, Chattanooga & St. Louis Railway v. Ragan.]

Action by G. L. Ragan against the Nashville, Chattanooga & St. Louis Railway for damages to a well-drilling outfit resulting from a defective crossing. Judgment for plaintiff and defendant appeals. Reversed and remanded.

The allegation of the complaint is that the crossing was unsafe, and that plaintiff was in charge of a well-drilling outfit attached to a traction engine, and that in making the crossing the outfit was damaged, and that plaintiff was injured by being jammed by the same, and that it was all caused by a projecting rail. The following charge was requested by the defendant, and refused: "(5) If the crossing on defendant's track at this time by such vehicles as that driven by plaintiff was not one of the ordinary uses to which said crossing was put, but if such was an extraordinary use of said crossing, then plaintiff had no right to presume that said crossing was being kept in a condition safe for the crossing of such a vehicle; but the duty rested upon him first to ascertain whether or not such crossing was safe for such purpose, and if he failed to do so then your verdict should be for the defendant."

WALKER & SPRAGINS, for appellant. The evidence without conflict showed that the plaintiff was guilty of contributory negligence.—*Wood v. R. & D. R. R. Co.,* 100 Ala. 660; *McAdory v. L. & N. R. R. Co.,* 109 Ala. 636; *Bir. R. & E. Co. v. Allen,* 99 Ala. 359; 29 Cyc. 513; *Patterson v. S. & N. Ala. R. R. Co.* 89 Ala. 321. The court erred in permitting it to be shown that the crossing was repaired several days after the accident.—*T. H. R. R. Co. v. Clemm,* 18 Am. St. Rep. 303; *Morse v. Minn. R. R. Co.,* 30 Minn. 465. Counsel discuss the other errors assigned, but without citation of authority.

[Nashville, Chattanooga & St. Louis Railway v. Ragan.]

E. O. McCord, James A. Bilbro, and John A. Inzer, for appellee. Under the evidence in this case it was for the jury to say whether the traveller exercised proper diligence in making the crossing. The defendant was under the legal duty to properly maintain the approaches and the crossings.—*Southern Ry. Co. v. Posey,* 124 Ala. 486; 8 A. & E. Enc. of Law, 363; Elliott on R. & S., sec. 772 and 779.

ANDERSON, J.—If a railroad constructs its road across a public road or highway, the duty devolves upon it to put and keep the approaches and crossing in proper repair for the use of the traveling public.—*So. R. R. Co. v. Morris,* 143 Ala. 628, 42 South. 17; *So. R. R. v. Posey,* 124 Ala. 486, 26 South. 914; *Patterson v. S. & N. A. R. R.,* 89 Ala. 318, 7 South. 437. And the traveling public have the right to assume that it will discharge this duty, and cannot be said to be guilty of contributory negligence in crossing the track, without first stopping and examining the condition of said crossing. Of course, they should keep an ordinary lookout, such as prudence would suggest to any traveler, and would be guilty of contributory negligence if attempting to cross after discovery of the defect in the crossing, or might be for a failure to discover said defect, should it be open and glaring. It was a question for the jury, however, in the case at bar, as to whether or not the plaintiff discovered the defect, or should have discovered it, before attempting to cross. The proof shows that the rail on the approaching side was but little, if any, higher than the ties or earth, but that the rail on the opposite side was several inches above the roadbed, and it was a question for the jury to determine whether or not the defect was or could have been discovered before the plaintiff reached the crossing. It was also a question for the

jury to determine whether or not the plaintiff was guilty of negligence in failing to stop, after the engine passed over and received a jar from crossing the last rail, and place something against the rail, so as to prevent a jar to the wagon or rear vehicle, or whether or not he could have stopped before the wagon struck the last rail. The trial court did not, therefore, err in refusing the general charge, requested by the defendant, upon the idea that its special pleas of contributory negligence had been proven beyond dispute, or upon any other theory.

There was no error in refusing charge 5, requested by the defendant. If not otherwise bad, it required too high a degree of care on the part of the plaintiff, and may have misled the jury to believing that the plaintiff was required to stop, get out, and inspect the crossing before attempting to cross.

The trial court erred in permitting the witness Jackson to testify that the crossing was repaired two or three days after the accident. True, he did not state who made the repairs; but the jury would have naturally inferred that they were made by the defendant. While there has been some little conflict in the authorities as to whether or not evidence of repairs or improvements subsequent to the accident is admissible, the weight of authority, as well as sound reasoning, is against the admissibility of said evidence.—*Ala. Co. v. Heald,* 154 Ala. 595, 45 South. 686; *Going v. Ala. Co.,* 141 Ala. 537, 37 South. 384; *Terre Haute R. R. v. Clem,* 123 Ind. 15, 23 N. E. 965, 7 L. R. A. 588, 18 Am. St. Rep. 303, and note; *Morse v. Minneapolis R. R.,* 30 Minn. 465, 16 N. W. 358.

The question to the plaintiff, whether or not the guide had warned him of any danger, should not have been permitted, and the defendant's objection thereto

should have been sustained. The answer was but an attempt to exculpate the plaintiff of contributory negligence, not charged in any of the pleas. None of the pleas charge that plaintiff was warned of danger before attempting to cross. The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and MAYFIELD and SAYRE, JJ., concur.