[No. 3624.]

## City and County of Denver v. Rhodes.

1. Negligence—*Questions for Jury.* In an action for negligence, all questions of fact are for the jury.

2. Municipal Corporations—*Defective Walks—Snow and Ice.* Municipal corporations are under duty to use reasonable care to maintain the public walks in reasonably safe condition.

A week of changeable weather had succeeded a considerable fall of snow—thawing by day and freezing by night. The walk upon which certain vacant lots abutted had not been cleared, and had become rough, slippery and dangerous. Plaintiff was injured by a fall attributable to these conditions. Held, it was for the jury to say whether, under the circumstances, the city had notice of the unsafe condition of the walk, whether, by reasonable effort, the city, after such notice, might have corrected the defect, and whether it was negligent in failing to do so.

*Appeal from Denver District Court.* Hon. Carlton M. Bliss, Judge.

Mr. H. A. Lindsley, Mr. F. W. Sanborn, Mr. G. Q. Richmond, Mr. W. H. Bryant, Mr. J. A. Marsh, for appellant.

Mr. STEPHEN W. RYAN, Mr. H. N. HAWKINS, for appellee.

HURLBUT, J., delivered the opinion of the court.

Action begun February 13, 1909. In her amended complaint plaintiff (appellee) alleges that she received personal injuries from having fallen upon defendant's sidewalk on December 22, 1908. The right to recover is based upon the alleged negligence of defendant in permitting an accumulation of snow and ice to remain upon its sidewalk in a populous part of the city from December 17th to the 22nd, after due notice of the unsafe condition of the sidewalk occasioned thereby. Plaintiff recovered judgment, and the case is here by appeal.

The undisputed evidence tends to show that there was a snowfall of about eight inches on December 16th and 17th, followed by general cold weather from that time until the 22nd; that about 7:30 in the evening of the last mentioned day plaintiff, accompanied by three other pedestrians, was walking on the sidewalk in a westerly direction on the north side of Fourteenth avenue, and after crossing the alley between Pennsylvania and Logan streets stepped upon the sidewalk and immediately slipped and fell thereon, receiving the injuries of which she complains; that the part of the sidewalk on which she fell was covered with a rough and slippery accumulation of ice and snow and was in an unsafe condition for use by pedestrians; that the place where the injury occurred was in a populous residential portion of the city; that the sidewalk where the accident happened was adjacent to vacant lots; and that the city had known for years that the lots adjoining the sidewalk where the injury occurred were vacant. The evidence also shows amount of thawing, freezing, and sunshine each day, and the general weather conditions existing at the time and for a week or more prior to the happening of the accident.

The rule respecting duties of municipalities to maintain safe sidewalks for the use of pedestrians is stated in *City of Boulder v. Niles*, 9 Colo., 415, 12 Pac., 632, as follows:

"It may be said generally that the duty imposed upon municipal corporations in respect to its sidewalks is a duty to keep them in a reasonably safe condition. Upon persons using the sidewalks the duty imposed is that of ordinary care. Under conditions of unusual danger there is imposed a duty of increased care. These are general principles to be understood and applied in the light of the circumstances of each particular case."

In 28 Cyc., p. 1373, we find the following:

"The rule requiring a municipal corporation to exercise ordinary care to keep its sidewalks in a reasonably safe condition for the ordinary purposes of travel, applies to the removal of accumulations of ice and snow, and for injuries due to its negligence in this regard it will be liable," etc.

In the instant case it is conclusively shown that the accumulation of ice and snow on the sidewalk rendered the same unsafe for travel by pedestrians. The extent of the snowfall is also shown, condition of the weather thereafter, location of the sidewalk as a public way, and lapse of time between the snowfall and accident. Such being the case, the court below left it to the jury to say whether or not, under all the circumstances, the city had due notice of the unsafe condition of the sidewalk and a reasonable time thereafter in which to remove the ice and snow, and whether or not in the exercise of reasonable care the city was negligent in not remedying the defect prior to the accident. The jury passed on these questions, and rendered a modest verdict for plaintiff. The case seems to have been fairly and impartially tried. We are not inclined to disturb the verdict nor would we

have felt disposed to disturb the verdict had it been in favor of defendant. The general current of authority seems to assign to juries the duty of determining controverted facts in this class of cases.—Thompson on Negligence, Sec. 6184; *Cloughessey v. City of Waterbury,* 51 Conn., 405, 50 Am. Rep., 38; *Collins v. Council Bluffs,* 32 Ia., 324, 7 Am. Rep., 200; *Hall v. City of Lowell,* 10 Cush. (Mass.), 260; *Scoville v. Salt Lake City,* 11 Utah, 60, 39 Pac., 481; *Foxworthy v. City of Hastings,* 25 Neb., 133, 41 N. W., 132; *Townsend v. City of Butte,* 41 Mont., 410, 109 Pac., 969; *Nebraska City v. Rathbone,* 20 Neb., 288, 29 N. W., 920; *District of Columbia v. Frazer,* 21 App. D. C., 154; *Griffith v. City and County of Denver,* 54 Colo., 432, 132 Pac., 57, decided by the supreme court (Colo.) April 7, 1913. In the last case cited the court was called upon to decide whether or not the city was negligent in constructing and maintaining a sidewalk at a greater angle than that fixed by ordinance. It was held that the city's acts in that respect were not negligence *per se,* but it was for the jury to decide whether or not, under all the circumstances of the case, the sidewalk so constructed and maintained was dangerous to travel and constituted negligence on the part of the city. Justice Bailey, speaking for the court, said:

"The testimony shows that the walk in question had an inclination toward the street slightly in excess of that fixed by ordinance. Counsel for plaintiff urge that this conclusively establishes negligence against the city. The court instructed the jury that such fact did not in and of itself alone necessarily establish negligence, but that it was a fact which the jury should take into consideration, with all of the other testimony, in reaching a conclusion as to whether the walk was of a defective or dangerous construction. * * * The effect of the excessive inclination upon the safety of the walk was one of

fact, involving the question of negligence on the part of the city, a matter clearly for the jury to determine upon all of the testimony, where it was properly left."

Reading the instructions as a whole, we think they were consistent with each other, and fairly submitted the case to the jury upon all substantial issues before them for consideration.

Under the views above expressed we deem it unnecessary to notice other assignments of errors discussed by counsel in their oral argument and briefs. The judgment is affirmed.

CUNNINGHAM, P. J., and KING, J., dissent.