(130 So. 216)

## SOUTHERN RY. CO. v. McCOURRY.

### 7 Div. 970.

Supreme Court of Alabama.

Oct. 9, 1930.

Knox, Acker, Sterne & Liles, of Anniston, for appellant.

602

Young & Longshore, of Anniston, for appellee.

**BOULDIN, J.**

The suit is to recover damages for injury to plaintiff's automobile, alleged to have resulted from a defect in a highway bridge maintained by defendant railway company at a crossing over its tracks.

The complaint, which is set out in the report of the case, avers the duty of defendant to maintain the bridge in a reasonably safe condition, and the facts out of which such duty arose, then avers a breach of duty by allowing a large hole to be in the floor of the bridge, the injury to plaintiff's car in passing over same, and concludes, "all of which damage was suffered by reason and as a proximate consequence of the negligence of the defendant in allowing the said hole to be in the bridge as aforesaid."

A similar complaint was held good against demurrer in Gulf, M. & N. R. Co. v. Pistole, 218 Ala. 695, 120 So. 159. See, also, Walker County v. Davis, ante, p. 195, 128 So. 144.

If there be a shade of difference between "negligence in allowing" a defect in the bridge and "negligently allowing" such defect, only a special demurrer pointing out such fault in the complaint and giving opportunity to amend will suffice. The general demurrer does not raise the point.

In bridge cases of this character, it is not required that the complaint shall aver notice to defendant of the defective condition of the bridge. While in no sense an insurer of the safety of the bridge, the railroad company is required by law to exercise reasonable care to keep the bridge safe for public travel.

"Reasonable care" has regard to the conditions of public travel and the character of the bridge. It includes vigilance to see that a dangerous hole does not develop in the floor of the bridge by defective or decaying timbers, as well as to discover and remedy the defect after it develops. Both issues are presented under a complaint of this character.

Such is the effect of our decisions in several cases: Gulf, M. & N. R. Co. v. Pistole, supra; N., C. & St. L. Ry. v. Ragan, 167 Ala. 277, 52 So. 522; Southern Ry. Co. v. Taylor, 148 Ala. 54, 42 So. 625; Southern Ry. Co. v. Morris, 143 Ala. 628, 42 So. 17; Gulf, M. & N. R. Co. v. Havard, 217 Ala. 639, 117 So. 223; S. & N. Ala. R. Co. v. McLendon, 63 Ala. 266.

The evidence for plaintiff tended to show an opening in the floor of the bridge 10 to 12 inches wide; that he drove his car, a new Dodge coupé, over the bridge at night at about 25 miles per hour; that the right wheels passed over this opening and he felt the jolt; that after running off the bridge on down a grade, he presently approached a curve in the road; that in trying to round the curve the steering wheel spun round, and the car did not respond but plunged off the embankment, resulting in the injuries complained of.

Other evidence tended to show such car, passing at such speed over such gap in the floor, would probably cause a vibration of the body and steering attachments of 4 inches; that a runway some 20 inches wide, made

of timbers 3 inches thick, was under the body of the car, the wheels running on the floor on either side of the runway; and that the steering connections under' the car had a clearance of about 7 inches. In view of this evidence and further evidence that the steering attachments were working properly just before, and not working thereafter and as soon as there was occasion to steer the car, it cannot be said there was no evidence of causal connection between the defect in the bridge and the injury to the car.

■ Evidence that after the accident the steering attachments were found to have become disconnected was properly admitted.

True, this may have come about by the tumbling of the car down the embankment, etc., and would not, standing alone, warrant a finding that it was disconnected in passing over the bridge. But it was a circumstance corroborative of the evidence of the plaintiff that the steering device was put out of service before going over the embankment. Certainly, if the steering rod had been found connected and in working order, this fact would have been a vital circumstance in favor of defendant. The other evidence naturally led to such inquiry, and a failure to prove same, easily open to plaintiff, might have led to adverse inferences.

■ The question to defendant's witness Prestwood, "Do you know whether any other cars went off of there that night besides Mr. McCourry's car?" asked in connection with an inquiry as to the distance from the bridge to where plaintiff's car went off the embankment, might well have been allowed. The witness had testified he saw signs of where some car had gone off, but had no personal knowledge whether they were made by plaintiff's car.

However, the court had, by his rulings, opened up to defendant an inquiry as to the distance as evidenced by these signs, and defendant did not follow it up.

Since there was no evidence nor claim that any other car had gone off, and the court had not declined to allow proof of the distance in question, but had ruled favorably to defendant, we find no error to reverse in sustaining plaintiff's objection to the question quoted above.

In the case of the witness Adams, the defendant did follow up such inquiry, and the witness testified as to the distance from the bridge to the place where the car left the road.

Charge No. 1, refused to defendant, if not objectionable, was fully covered by given charges Nos. 1 and 3.

Refused charge No. 2 was likewise covered by given charge No. 4.

Indeed, these given charges were more favorable to defendant because of the alternatives therein stated.

■ The excerpt from the oral charge made the basis of assignment of error No. 20, taken in its setting, and construed in connection with all the instructions on that point, was free from error. N., C. & St. L. Ry. v. Ragan, supra.

■ The portion of the oral charge, assignment of error 21, is a correct statement of the law.

■ No reference to a motion for a new trial, the ruling thereon, nor exception thereto, appearing in the bill of exceptions as required by statute, such ruling cannot be reviewed.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.