167 So. 741

**LOUISVILLE & N. R. CO. v. STANLEY.**

**6 Div. 814.**

Court of Appeals of Alabama.

Feb. 11, 1936.

Rehearing Denied March 3, 1936.

Reversed on Mandate May 5, 1936.

Chas. H. Eyster, of Decatur, and St. John & St. John and K. J. Griffith, all of Cullman, for appellant.

W. Marvin Scott, of Cullman, for appellee.

SAMFORD, Judge.

The defendant, as successor in interest to the South & North Railroad was under contract to maintain certain bridges across its tracks connecting certain of the public streets in the city of Cullman. This contract carried with it the obligation to maintain said bridges for the use of the public in the same manner and in the same condition as if the obligation to the public had remained with the city of Cullman. To all intents and purposes, the plaintiff's claim is set out in count 1 of the complaint as follows:

"The plaintiff claims of the defendant the sum of Five Thousand Dollars ($5,000.-00) as damages for that, heretofore, on, to-wit: the 21st day of December, 1932, the plaintiff was walking on a public highway or public street in Cullman, Alabama, on 4th street between First Avenue East and First Avenue West, in the city of Cullman, Alabama, a Municipal Corporation, and near a point on said 4th street, a public highway, and the plaintiff avers that the defendant at said time and place was engaged in the business of operating railroad trains over and along said railroad tracks, carrying passengers and freight for hire as a common carrier. And the plaintiff further avers that the defendant, at said point maintained a bridge over the said railroad tracks for use by the general public traveling by foot, in crossing over the said tracks of the said defendant's railroad, and the plaintiff avers that it became the duty and was the duty of the said defendant to keep and maintain said bridge in a reasonable safe condition for use by the general public.

"And the plaintiff avers that the defendant breached the said duty in that it allowed an accumulation, gathering or collection of ice and snow of great thickness and quantity to be on the floor of said bridge and allowed the said ice and snow to remain on the said floor of the said bridge. And the plaintiff avers that as he was crossing the said bridge, going in an easterly direction, where he had a right to be, and while walking on said bridge and ice and snow, he slipped on said ice and snow and fell and as a proximate consequence thereof, broke his left ankle or foot; was bruised, made sick and sore and caused to lose a long time from his work. All of which damages were suffered by reason and as proximate consequence of the negligence of the defendant in allowing the said accumulation of ice and snow to be in the bridge as aforesaid."

Count 3 enters more into detail in setting forth plaintiff's claims, but for the purposes of this decision it will be unnecessary to set them out.

This count alleges a duty resting upon this defendant to maintain the bridge upon which plaintiff was injured, a breach of that duty in that it allowed an accumulation of ice and snow of great thickness and quantity to be on the floor of said bridge and allowed the said ice and snow to remain on the said floor of the said bridge, and an injury to plaintiff as a proximate cause of said negligence.

The contention on the part of defendant is that the negligence complained of was the allowance of an accumulation, gathering, or collection of ice and snow of great thickness and quantity to be on the floor of said bridge, and insists that this was not caused by any defect in the construction or maintenance of the bridge, but was an act of God, for which it is not responsible. If the charge in the complaint had stopped with the above allegations, there would be pith in appellant's argument, but the brief entirely misconceives the charge as laid in the count. The charge is that the defendant, whose duty it was to maintain the bridge in a reasonably safe condition for passage by the public, allowed the accumulation of ice and snow to remain on the bridge. Johnston v. Kansas City, 211 Mo.App. 262, 243 S.W. 265. It might have been an act of an agency, over which defendant had no control, which placed the accumulation of ice and snow on the bridge, but if after notice or by lapse of time notice is implied, defendant allowed the condition to remain for an unreasonable time, liability would attach. Under our liberal system of pleading everything necessary to plaintiff's action was averred in the complaint. So. Ry. Co. v. McCourry, 221 Ala. 600, 130 So. 216.

As we have said, the duty of maintaining the bridge in question, in a reasonably safe condition for those who used it, was the same as that of the city, and the rules governing a city in regard to the maintenance are the same. It is generally held that the rule requiring a municipal corporation to exercise ordinary care to keep its sidewalks in a reasonably safe condition for the ordinary purposes of travel applies to the removal of accumulations of ice and snow, and injuries due to its negligence in this regard are actionable as for other acts of negligence. 43 Corpus Juris 1020 (1800) Ib. 1775 and 1789; City and County of Denver v. Rhodes, 24 Colo.App. 114, 131 P. 786. There are many decisions from many courts of last resort bearing on this question collated in 43 Corpus Juris 1020, notes 90 and 91, and 13 R.C.L. 408, notes 18, 19, and 20, out of which has been evolved the statement of the rule to be found in R.C.L. 488, par. 335, to the effect that snow and water by themselves without more do not constitute a defect in a street or highway, and that the liability of a municipality for injuries to travelers caused by accumulations of ice and snow on its streets and sidewalks depends upon whether or not it has been negligent. This negligence could arise either by reason of a structural defect or allowing the accumulations to remain an unreasonable time after notice of the defect, or a lapse of time such as to infer notice.

With this rule under consideration, the Massachusetts court, speaking through Metcalf, J., in Hall v. City of Lowell, 10 Cush. 260, in a case where the defendant city contended that the evidence did not show a want of ordinary care, said: "But if we admit their position as to the law, it does not follow that they are not liable on the evidence in this case. It was for the jury to decide whether, on the evidence, the defendants had used ordinary care, and also whether the sidewalk was reasonably safe." Going further and commenting on this holding, the court said: "The defendants have expressed alarm at the doctrine that a city is to be held liable for injuries which passengers sustain from accidents that happen to them on sidewalks covered with ice. The expense, it is said, of removing the ice within twenty-four hours, would be incalculably onerous. But there is no reason for alarm on this subject. Whether cities are liable for not removing ice from sidewalks, depends on the circumstances of each case. Nothing can be required of them which a jury shall say is unreasonable; and for their omission to do what is necessary to keep their streets and sidewalks reasonably safe and convenient, they ought to be held answerable." This same rule is recognized, though somewhat differently stated, in City of Montgomery v. Ross, 195 Ala. 362, 366, 70 So. 634.

In So. Ry. Co. v. McCourry, 221 Ala. 600, 602, 130 So. 216, 218, our Supreme Court has this to say: " 'Reasonable care' has regard to the conditions of public travel and the character of the bridge. It includes vigilance to see that a dangerous hole does not develop in the floor of the bridge by defective or decaying timbers, as well as to discover and remedy the defect after it develops. Both issues are presented under a complaint of this character."

After all is said, the question resolves into one as to whether the defendant was negligent in a legal sense in allowing the accumulation of ice and snow to remain on the bridge for an unreasonable time after notice or after such time as would imply notice, and this was a question to be submitted to the jury under the evidence and proper instructions from the court. We

see no difference in principle between the McCourry Case, supra, and the case at bar, and, for that reason, we hold that the trial court did not err in overruling the demurrers to the complaint.

Some of the excerpts to the oral charge of the court, when taken separately, would constitute error, in that they do not go far enough in stating the law on the points adverted to, but when these excerpts are taken and considered in connection with the whole charge, they are in line with the foregoing, and are free from error.

 Appellant concludes its argument on the demurrers and exceptions to the court's oral charge with the statement: "We submit that under the authority and under the reason and rule of the law, where a railroad provides a bridge that is sound and free from structural defects, it has discharged to the public its duty." We do not accord to that conclusion. It must go further, where the obligation is to maintain the bridge and use ordinary care and diligence, not only to keep the bridge in repair, but to see that it is kept free from obstructions dangerous to the traveling public, and while it may not be necessary to make daily or even frequent inspections under ordinary conditions, when unusual and extraordinary conditions arise, such as an unprecedented fall of sleet and snow, common prudence would demand more alertness to ascertain the condition of those ways, which they are under obligation to the public to maintain in a reasonably safe condition. 9 Corpus Juris 475 (77).

Actual notice of an accumulation of ice and snow on a bridge forming part of a city street is not necessary to render the city liable for injuries caused thereby. Want of knowledge sometimes implies a want of due care. As in this case, where it was the defendant's duty to keep this bridge in a safe condition, and no inspection was made after an unprecedented and heavy fall of sleet and snow, and when an examination would have readily disclosed the danger to travelers. Medina Tp. v. Perkins, 48 Mich. 67, 11 N.W. 810.

The cause was tried on the plea of the general issue, in short, by consent with leave to give in evidence any matter as if the same had been specially pleaded. Under our decision, this defense included a plea of contributory negligence, and under this plea and the facts as testified to being undisputed, the defendant insists that it was error to refuse to give at its request the general affirmative charge.

This plea is by way of confession and avoidance. It confesses the negligence on the part of defendant and seeks to avoid by claiming that the plaintiff, with a knowledge of the danger, negligently contributed to his own injury. This too, as we see it, was a jury question. N., C. & St. L. Ry. Co. v. Ragan, 167 Ala. 277, 52 So. 522.

Under the authorities above cited and the foregoing opinion, defendant's charges 11, 21, 25, 41, and 44 were properly refused. Defendant's refused charge 29 was abstract. Defendant's refused charge 37 does not state a correct proposition of law as applied to the instant case. Under the facts, the weather at Cullman at the time of the accident was unusual, and if the unusual weather had produced a dangerous condition on the bridge and defendant had knowledge of it or by the exercise of ordinary care ought to have known of it, it would have no right to rely on the melting of the snow and ice to excuse it from liability.

Other refused charges are not insisted on in brief.

We find no reversible error in the record, and the judgment is affirmed.

Affirmed.

PER CURIAM.

Reversed and remanded on authority of Louisville & Nashville R. Co. v. Stanley, 232 Ala. 273, 167 So. 745.