MARY E. GRAY *vs.* GEORGE W. PARKE.

Suffolk. November 15, 1894. — January 3, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Malicious Prosecution — Guardian and Ward — Probable Cause for Making
a Complaint.*

An action for malicious prosecution will not lie against the guardian of an insane
person for making complaint against the plaintiff for entering the dwelling-
house of the ward after having been forbidden by the guardian so to do.

TORT, for malicious prosecution.   At the trial in the Superior
Court, before *Blodgett, J.,* the plaintiff offered evidence tending
to show that she had long resided in Foxborough, and was the
niece of Elizabeth Gray, who was more than ninety years of age
and lived in a house on Green Street in Cambridge ; that prior
to the summer of 1890 she had been in the habit of visiting her
aunt at her house in Cambridge, and that the relations between
them were friendly ; that during the summer and autumn of
1890 Elizabeth was an invalid, and confined to her room ; that
in April, 1890, the defendant was appointed by the Probate
Court of the County of Middlesex guardian of Elizabeth, who
was adjudged to be an insane person, and continued to be such
guardian at the time of the criminal prosecution complained of
in this action ; that late in the summer of 1890 the plaintiff re-
ceived a message from her aunt requesting her to call upon her,
and went to the house in Cambridge and was admitted by the
housekeeper, who was employed as such by the defendant ;
that the housekeeper showed her a letter from the defendant to
the housekeeper, which the plaintiff read, and which contained,
among other things, these sentences : " From the time you re-
ceive this letter, none of the Grays of Foxborough, their wives
or families, can go into that house or see Aunt Elizabeth again
until my legal duty in the matter is ended. . . . If any person
attempts to go into the house or to go upstairs without your con-
sent, you must call a policeman. . . . The Grays of Foxborough
can see this, but it is not best to have it taken away."   The

plaintiff admitted that she understood from this letter that she
was forbidden by the defendant, as guardian of Elizabeth Gray,
to visit her aunt at her house in Cambridge, and she testified
that at the time when the letter was shown to her she left the
house without visiting her aunt's room. The plaintiff further
testified that early in October, before the 20th, she again went
to the house of her aunt in Cambridge, upon her aunt's invita-
tion, and after some talk with the housekeeper, who again called
her attention to the prohibition in the defendant's letter, went to
her aunt's room, saying that her aunt wanted to see her, and she
would take the responsibility, and that she remained with her
aunt about fifteen minutes.

The plaintiff and one Maria Murdock, called by her, admitted
on cross-examination that they knew that the defendant asserted
that their visits to his ward and their conversations with her
made the ward ill.

On October 20, 1890, the defendant made complaint against
the plaintiff to the Third District Court of Eastern Middlesex,
which recited that the plaintiff " did enter the dwelling-house of
one Elizabeth Gray, . . . having been heretofore forbidden to
enter said dwelling-house by said George W. Parke, the guardian
of said Elizabeth Gray, he the said Parke having then and there
the lawful control of said dwelling-house." The plaintiff ap-
peared to answer, and the case was continued from time to time
until February 25, 1891, when the case was dismissed, the docket
entry being, " Case dismissed, both parties being in court, and
neither objecting." The plaintiff offered evidence tending to
show that after the dismissal of the case the defendant said, in
the presence of the plaintiff, that he did not care about the re-
sult of the criminal prosecution; that he had accomplished what
he had set out to do, which was to keep the plaintiff from the
house.

At the close of the plaintiff's evidence, the judge having inti-
mated that the plaintiff had failed to show that there was no
probable cause for the prosecution, the plaintiff contended that
the prohibition by the defendant against the plaintiff's visiting
her aunt was not made in good faith, and was an unreasonable and
improper prohibition to be made; and requested the judge to rule
that she had a right to have this question determined by the

jury, and, further, that if the defendant made the prohibition in bad faith, it could not be said that the defendant had probable cause for making the complaint.

The judge declined so to rule, and ruled that, upon the evidence and facts as before stated, the defendant had probable cause for making the complaint, and directed the jury to return a verdict for the defendant. The plaintiff alleged exceptions.

*D. O. Allen*, for the plaintiff.

*C. P. Sampson*, for the defendant.

HOLMES, J. The guardian of an insane person has the management of all that person's estate. Pub. Sts. c. 139, § 11. Management means control, as that word is used in St. 1890, c. 410. A stranger who enters the ward's dwelling-house against the direct prohibition of the guardian is liable to the fine imposed by the last mentioned act. The defendant directly forbade the plaintiff to enter his ward's dwelling-house, and she entered in spite of his order. Therefore, so far as appears, if the complaint against her had been tried, she must have been found guilty. The defendant not only had probable cause for making the complaint, but had a good case. The plaintiff asked to go to the jury on the question whether the prohibition was reasonable and in good faith. On the evidence, we suppose this means that the plaintiff wished to argue that the defendant's interest was to keep her from seeing his ward for some self-seeking motive, the ward being an invalid and confined to her room. But there was no evidence that the defendant restrained his ward's person, and his power over the house was not dependent upon or affected by any motive for exercising it of which there is evidence.

*Exceptions overruled.*