(82 South. 25)

## SOUTHERN RY. CO. v. FLYNT.
(7 Div. 948.)·

(Supreme Court of Alabama. May 15, 1919.)

1. RAILROADS ⊜⇒344(3)—INJURY AT CROSS-ING—DUTY TO REPAIR—"CONTROL"—"MAN-AGEMENT."

The alternative averment that defendant railroad "owns, operates, or controls" the track to whose defective condition at a crossing plaintiff's injury was attributed is sufficient to show defendant's relation to the track, imposing the duty to keep the crossing in repair; "control" being a synonym of "management."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Control; Management.]

2. RAILROADS ⊜⇒350(3, 13) — INJURY AT CROSSING—NEGLIGENCE AND CONTRIBUTORY NEGLIGENCE—QUESTIONS FOR JURY.

In an action for injuries to one thrown from an automobile at a railroad crossing in a defective condition, questions of negligence and contributory negligence held for the jury.

3. DAMAGES ⊜⇒173(1)—PERSONAL INJURIES — DISABILITY AND EARNING CAPACITY — EVIDENCE.

Though the amount of plaintiff's earnings per day is no criterion for the measurement of his damage by reason of permanent disability or diminished earning capacity, it is proper to be considered by the jury in such connection.

4. DAMAGES ⊜⇒172(1) — PERSONAL INJURY —TIME LOST FROM EMPLOYMENT—EVIDENCE.

On the question of damage by reason of time lost from his employment, the amount of plaintiff's earnings just before his injury was relevant, though plaintiff had been at work but five days when injured.

Appeal from Circuit Court, Etowah County; J. E. Blackwood, Judge.

Suit by W. F. Flynt against the Southern Railway Company. From judgment for plaintiff, defendant appeals. Affirmed.

Goodhue & Brindley, of Gadsden, for appellant.

Culli & Martin, of Gadsden, for appellee.

SOMERVILLE, J. The complaint charges that the defendant corporation "owns, oper-

ates, or controls" the railroad track to whose alleged defective condition at a public road crossing the plaintiff's injury is attributed.

[1] The theory of the demurrer is that the alternative averment, "or controls," is in itself insufficient to show such a relation of this defendant to this railroad track as to impose upon defendant the duty of keeping the crossing in repair. "Control" is a synonym of "management." Gray v. Parke, 162 Mass. 582, 39 N. E. 191; Youngworth v. Jewell, 15 Nev. 45, 48; B. R., L. & P. Co. v. Milbrat, 78 South. 224, 228;[1] 2 W. & P. 1549. According to Worcester's Dictionary, "control" means "to have power over; to govern; to direct; to manage." The word is evidently thus used in the context here exhibited, and, giving to it its ordinary and appropriate meaning, the complaint is not subject to the criticism of the demurrer. Moreover, the question, as here presented, is purely technical, for there was no question whatever on the trial of the case as to defendant's ownership and responsibility.

"If a railroad company constructs its road across a public road, or highway, the duty devolves upon it to put and keep the approaches and crossing in proper repair for the use of the traveling public. This duty will be sufficiently discharged if the highway is maintained in a reasonably safe and convenient condition, so as not to materially impair its usefulness, or interfere with its safe enjoyment by travelers, who exercise ordinary care and prudence for their own safety in using it." Patterson v. S. & N. A. R. R. Co., 89 Ala. 318, 7 South. 437; N., C. & St. L. Ry. Co. v. Ragan, 167 Ala. 277, 52 South. 522.

[2] Some of the testimony tended to show that, accompanying a change in the level of its roadbed at the crossing, defendant left the rails exposed to a height of five or six inches above the level of the ground, without any filling between them, and that it was in this condition when plaintiff was thrown from the automobile as it passed over the crossing. If this testimony was believed, the jury could properly find that the crossing was not in a reasonably safe and convenient condition for ordinary use, and hence that defendant was guilty of negligence in respect thereto. So, also, under some of the testimony, the jury could properly find that the driver and occupants of the car were in the exercise of ordinary care and prudence at the time of the accident. We are therefore constrained to hold that the general affirmative charge for defendant was properly refused. Nor are we able to say that such findings are so clearly opposed to the great weight of the evidence as to justify us in setting aside the verdict, and directing another trial.

[3, 4] The complaint claims damages for permanent disability, for diminished earning

---

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

203 ALA.—5          [1] 201 Ala. 368.

capacity, and for loss of time from plaintiff's employment. While the amount of plaintiff's earnings per diem would not be a criterion for the measurement of his damage by reason of permanent disability or diminished earning capacity, it has been held that it is proper to be considered by the jury in that connection. Birmingham Fuel Co. v. Taylor, 81 South. 630.[2] On the question of damage by reason of time lost from his employment, the amount of plaintiff's earnings just before his injury was clearly relevant. W. Ry. of Ala. v. Wallace, 170 Ala. 584, 54 South. 533. And its relevancy was not destroyed by reason of the fact that he had been at work but five days. Plaintiff's testimony in this behalf was properly admitted.

We find no prejudicial error in the record, and the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.