146 So. 279

## BIRMINGHAM BELT R. CO. v. WATKINS.
### 6 Div. 172.

Supreme Court of Alabama.
Jan. 12, 1933.

Rehearing Denied March 2, 1933.

Cabaniss & Johnston and L. D. Gardner, Jr., all of Birmingham, for appellant.

Earle Pettus, of Birmingham, for appellee.

BROWN, Justice (after stating the facts as above).

The substance of the appellant's first contention is, assuming that plaintiff stopped and looked at the curb of Twenty-Sixth street, some twenty-six or twenty-seven feet from the defendant's tracks, running along the middle of Avenue E, and then proceeded across the avenue over the tracks and was injured by a train of cars being backed across the street without a lookout, signals, or light on the rear, he was guilty of negligence which proximately contributed to his injury, as a matter of law, "in failing to take any precaution to observe the possible approach of a train by either looking or listening after leaving the curb," and it was due the affirmative charge on the case as presented under the first count of the complaint.

When the plaintiff offered evidence showing that he was run upon and injured while in the act of crossing the tracks at a public crossing, by defendant's train backing across a public street, without signals or lights and lookout on the rear end, he made a prima facie case under the first count, and the burden shifted to the defendant to acquit itself of negligence, or to establish by evidence to the reasonable satisfaction of the jury, that plaintiff was guilty of negligence which proximately contributed to his injury, unless the evidence offered by the plaintiff to prove his case also shows that he was guilty of contributory negligence. Code 1923, § 9955; Ex parte Southern Ry. Co., 181 Ala. 486, 61 So. 881; Louisville & N. R. Co. v. Green, 222 Ala. 557, 133 So. 294; Smith v. Louisville & N. R. Co., 219 Ala. 676, 123 So. 57; Dorough v. Alabama Great Southern R. R. Co., 221 Ala. 305, 128 So. 602.

The full import of the doctrine asserted by the defendant is stated in Atlantic Coast Line R. Co. v. Jones, 202 Ala. 222, 80 So. 44, 45: " 'That it is the duty of a person approaching the track of a railway for the purpose of crossing it to stop, and to look, and to listen, if need be—that is, if the exercise of the sense of sight does not suffice to fully disclose the situation for approaching trains—and that the omission of this duty, followed by injury in collision with a train, locomotive, or car while attempting thus heedlessly to cross over the track, is as matter of law negligence on the part of the traveler so contributing to the result as to defeat his action, counting on the injury as having been produced by the simple negligence of the railway company or its employees, are propositions of such universal acceptance, of such frequent declaration by this court, and of such obvious soundness, that we shall neither discuss them nor cite authorities in support of them. It is equally clear on principle and authority that this duty must be performed at such time and place with reference to the particular situation in each case as will enable the traveler to accomplish the purpose the law has in view in its imposition upon him. He must stop so near to the track, and his survey by sight and sound must so immediately precede his effort to cross over it, as to preclude the injection of an element of danger from approaching trains into the situation between the time he stopped, looked, and listened and his attempt to proceed across the track. If he stops so far from the railway as that a train which could not be seen from that point could and does reach the crossing by the time he has traversed the intervening distance and gotten on the track, he negligently contributes to the resulting collision and injury. And the same is true if, though he stop at the track, he lingers there after looking and listening, and delays crossing until a train not in sight or hearing when he stopped, looked, and listened has come meantime upon the scene and collides with him when he does attempt to cross.' Cen. of Ga. Ry. Co. v. Barnett, 151 Ala. 407, 410, 44 So. 392." Atlantic Coast Line R. Co. v. Jones, 202 Ala. 222, 223, 80 So. 44; 11 Encyclopedic Digest, p. 345.

And, in Central of Georgia Ry. Co. v. Hyatt, 151 Ala. 355, 363, 43 So. 867, 870, it was observed: "The authorities are numerous to the

effect that a party should stop and look and listen before attempting to cross a railroad track. L. & N. R. R. Co. v. Richards, 100 Ala. 365, 13 So. 944; L. & N. R. R. Co. v. Webb, 90 Ala. 185, 8 So. 518, 11 L. R. A. 674. And it must be borne in mind, however, that while such a failure on the part of the complaining party ordinarily amounts to negligence, in order for it to defeat his right to recover, it must have contributed proximately to his injury. Thompson v. Duncan, 76 Ala. 334. Indeed, the plea avers that the failure to 'stop and look and listen was the proximate cause of the intestate's death, and it would not have been a good plea without said averment. The law does not require the doing of a useless thing. If, therefore, the train could not have been seen or heard, had the intestate stopped and looked and listened before attempting to cross the track, then a failure on his part to do so cannot be affirmed as the proximate cause of his death." This exception or qualification of the general rule is in essence a rule of common sense, and is essential to the administration of justice.

■■ Therefore, conceding that the plaintiff's evidence shows that he was guilty of negligence in not observing due vigilance, in going upon the track without keeping his eyes and ears open, or in stopping again, in the circumstances disclosed by his testimony, it was for the jury to say whether or not he could have seen or heard the train if he had again stopped and looked and listened, and whether this negligence proximately contributed to his injury. In determining this question the darkness of the night, the usual noises of the locality, the width of the streets, the distance of the engine from the place of the injury, and plaintiff's right to assume that a train would not be backed across the street in violation of the city ordinance, without lookout, lights, or signals, and all the other circumstances attending the injury, were pertinent to be considered by the jury. Central of Georgia Ry. Co. v. Hyatt, supra.

The appellant's next contention is, to state it in the language of the brief, "No evidence being offered that this crossing was a populous crossing at the time of the accident, or if so, that these trainmen knew of such use," and therefore it was entitled to the affirmative charge on the wanton count. The statement of the contention concedes, in a way, that there was some evidence going to show that the crossing was a "populous crossing." There was evidence showing frequency of use. Just at the time of the alleged injury at least three persons were making an effort to cross, the plaintiff and two of defendant's witnesses, and in a short time after the injury a number of persons gathered at the place of the injury. The evidence tended to show that the neighborhood was thickly populated; that defendant's employees had been long in its service as a switching crew, and they were familiar with the locality, and the city ordinance made it unlawful for them to back the train over the crossing without lookout on the rear equipped with adequate signaling apparatus.

■ While the violation of the ordinance was, in itself, simple negligence, its violation was also a circumstance to be considered by the jury in connection with all the other evidence in this case in determining whether or not the trainmen were guilty of wantonness. Our judgment is that the evidence presented a question for jury decision, and the affirmative charge was well refused. Louisville & Nashville R. Co. v. Loyd, 186 Ala. 119, 65 So. 153; Alabama Great Southern Ry. Co. v. Guest, Adm'r, 144 Ala. 373, 39 So. 654; Alabama Great Southern Ry. Co. v. Guest, Adm'r, 136 Ala. 348, 34 So. 968.

■ There is nothing in the evidence to support the hypothesis of charges 13, 14, 15, and 17. Moreover, the court, in his oral charge, instructed the jury: "Now the burden of proof is on the plaintiff in this case to reasonably satisfy you from the evidence that he was struck by the train at this crossing, as averred in his complaint, while he was crossing Avenue E, and if you are not reasonably satisfied from the evidence, that he was struck by the train at this crossing, as averred in the complaint, while he was crossing Avenue E, then the plaintiff would not be entitled to recover in this case, and you wouldn't need to consider this case any further."

Charge 16, given at the request of the defendant, was to the same effect, with the added instruction, if the jury was not so reasonably satisfied from the evidence, they should render a verdict for the defendant.

■ Defendant's refused charge, unnumbered, the predicate for the tenth assignment of error, pretermits that plaintiff's negligence proximately contributed to his injury and was misleading, if not otherwise defective, and was well refused. Central of Georgia Ry. Co. v. Hyatt, supra.

■ We are not able to affirm on this record, that the great preponderance of the evidence is against the verdict of the jury, and that it was error for the court to deny the motion for a new trial. Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738.

We find no reversible errors on the record, and the judgment is ordered affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.