68 So.2d 530

**ALABAMA GREAT SOUTHERN R. CO.**

v.

**BISHOP.**

7 Div. 153.

Supreme Court of Alabama.

Nov. 5, 1953.

Lusk, Swann & Burns, Gadsden, for appellant.

630

· Hawkins & Copeland, Gadsden, for appellee.

## PER CURIAM.

This is an appeal by defendant from a judgment in the circuit court awarding to appellee damages for injury to his left foot so as to cause its amputation as the result of being run over by a train of cars of appellant.

The accident occurred as appellee was attempting to cross the track of appellant at a crossing of it by a public highway in Attalla, Alabama. Appellee's left foot was caught in the opening or crevice on the inside of the east rail, between the rail and a piece of timber extending parallel with the rail and adjoining the pavement between the rails on its west. The opening or crevice was made so that the flange on the wheels of the cars would have a space in which to roll freely. Some such crevice was necessary in the operation of trains. It was about two inches wide. There was evidence that it should not be less than two and one-fourth inches in width. On the east side of this rail there was also a crevice three inches wide, which did not affect this accident. According to plaintiff's version it was in this crevice that his toes slipped as he fell in jumping from between the rails toward the east to avoid the train bearing down upon him from the south. He extricated his right foot as he lay on his "belly" but did not get his left foot out before the train ran over it and cut it off.

The count on which the verdict was rendered, in so far as here material to state, was in negligently constructing or maintaining the crossing so that appellee slipped or fell and his left foot caught in the crevice and was run over by the train, all of which was the proximate result of said negligence. The track was straight and unobstructed to the south, from which the train was coming, for one and a half miles on a clear day. The track and crossing were dry and hard. It was a much frequented crossing.

The trial court's interpretation of count 4, on which the verdict was rendered, is as follows:

"The gravamen of count 4 is that the defendant negligently permitted this crevice to exist, thereby rendering said crossing unsafe under conditions mentioned in the complaint, and that plaintiff, while crossing said track, slipped and fell and caught his toe in the alleged crevice, and that the negligence of the defendant in permitting the crevice to exist proximately caused his alleged injury. Nothing is alleged in the complaint about plaintiff's conduct immediately before he fell. In the judgment of this court such conduct was the subject of proof under defendant's plea (in short) of contributory negligence on the part of plaintiff, all of which, including the alleged neg-

ligence of the defendant, presented a jury question."

The evidence was without dispute that the track and crossing were well constructed according to practices and requirements for the maintenance of railroads in Attalla, see Northern Alabama Ry. Co. v. Mansell, 138 Ala. 548, 36 So. 459, and that there was nothing abnormal or unusual about the width of those crevices. Prior to that occurrence there had been observed no one in distress in making the crossing.

There was eliminated by the verdict any complaint as to the want of due care with reference to the operation of the train or acts or conduct of its servants or agents in its operation, or other negligence.

The court charged the jury orally as follows:

"It is the duty of the defendant to maintain its public crossings in a reasonably safe condition for the use of pedestrians using the crossing under normal conditions, and also for their use, that is, the use of pedestrians, under extraordinary conditions requiring hurried passage when such extraordinary conditions are occasioned by the defendant in the lawful use of its properties at or near the crossings, and which conditions of extraordinary character the defendant could reasonably anticipate."

Section 648, Title 37, Code, is as follows:
"Street and other railroad companies shall be required to keep their tracks in repair, using such rails as may be prescribed, and shall maintain and keep in repair the streets between their rails and for eighteen inches on each side, in such manner as the council may prescribe. Any public utility using the streets of the city or town shall at all times, in a manner prescribed by the council, render the use of such streets safe to vehicles and to persons, and all tracks on such street shall, when required by the council, be placed at any fixed grade, and changed, free of expense to the municipality, when found necessary."

The city council is not shown to have made any requirements or complaint as to the crossing. In the absence of such requirements this statute imposed no new or different obligation on railroads. Southern Ry. Co. v. Qillien, 250 Ala. 536, 35 So.2d 193.

Section 173, Title 48, Code, has been interpreted to mean that "when injury is shown by a railroad, the plaintiff makes out a prima facie case, and that the burden is then shifted to the railroad to rebut or overcome said prima facie case by introducing evidence sufficient to dispute or overcome the said prima facie case of the plaintiff. This may be done by undisputed facts sufficient to rebut the prima facie case, and, when so done, would entitle the defendant to the affirmative charge. On the other hand, if the plaintiff makes out a prima facie case and in doing so does not acquit the defendant of negligence or does not also show sufficient evidence to take the negligence to the jury, and this was all, the plaintiff would be entitled to the general charge." Louisville & Nashville R. Co. v. Green, 222 Ala. 557, 133 So. 294, 295.

Since the statute has been enacted to read as it now appears in section 173, supra, the burden is on railroads to acquit themselves of negligence (not only in respect to the preceding sections) for killing or injuring persons or stock by trains at any place on its tracks. The same rule now applies to both persons and stock. Ex parte Southern Ry. Co., 181 Ala. 486, 61 So. 881; Smith v. Louisville & Nashville R. Co., 219 Ala. 676(8), 123 So. 57; Birmingham Belt R. Co. v. Watkins, 226 Ala. 197, 146 So. 279; Atlantic Coast Line R. Co. v. Flowers, 241 Ala. 446, 3 So.2d 21.

Applying those principles to this case, we observe that the evidence without dispute is that plaintiff was injured by a train of cars operated by defendant on its tracks, and incidentally at a public crossing. That put the burden on defendant to show that there was no negligence on the part of the company or its agents as charged in the complaint.

In this case there is not much dispute about the facts material to this count and

as to the plea of contributory negligence made in short by consent.

■ The effect of those facts must be analyzed to determine if they raise an issue of fact for the jury or are sufficient as a matter of law to show an absence of negligence in the construction and maintenance of the crossing. In analyzing the situation developed by undisputed evidence, we must remember that the principle which is controlling is that defendant must not create a condition, either purposely or negligently, which is or will be dangerous to some person acting upon that condition in such way and manner as should be anticipated or foreseeable in the ordinary course of conduct by reasonably prudent people. Patterson v. South & North Alabama R. Co., 89 Ala. 318, 7 So. 437; Southern Ry. Co. v. Flynt, 203 Ala. 65, 82 So. 25; Clendenon v. Yarbrough, 233 Ala. 269, 171 So. 277; Goodwyn v. Gibson, 235 Ala. 19 (3), 177 So. 140; Louisville & Nashville R. Co. v. Maddox, 236 Ala. 594(3, 4 and 5), 183 So. 849, 118 A.L.R. 1318; Littleton v. Alabama Power Co., 243 Ala. 492, 10 So.2d 757; Montgomery City Lines v. Jones, 246 Ala. 291, 20 So.2d 599.

The excerpt from the oral charge, which we have quoted, shows that the trial court so understood the applicable principle, and held that it was a question for the jury to answer, "Could the railroad, on that particular occasion, have reasonably anticipated those extraordinary conditions might arise and so improve their property as to put it in a safe condition, if in fact it was not in a safe condition?" That seems to be a proper statement of the question. But the court must also determine whether the undisputed facts justify a finding by the jury in answer to that question adversely to appellant.

■ It is apparent that the only way and manner in which a person's foot could be accidentally caught in that crevice was what occurred as appellee contends, that is, to fall across the rail so as to push the toe of his shoes straight down. It could not occur to one simply walking or running uprightly across the track unless he should fall. Should the company antici-pate that a person would fall as plaintiff did, so as to push the toes of his shoes down in the crevice and stick tightly in that position, or otherwise cause injury to him by reason of the narrowness of the crevice when there was nothing for which appellant was responsible to cause him to fall? Of course if the crevice had been wider, his foot probably would not have caught. But did appellant owe plaintiff a duty to make it wider? The answer again is whether the accident should thereby have been anticipated in respect to a person crossing with ordinary care. If two and one-fourth instead of two inches in width was the usual minimum, it need not be observed as a duty to plaintiff unless such an accident should have been anticipated because the crevice was only two inches wide. The width of the crevice was fixed primarily for operating purposes, not for the safety of it to persons crossing, provided it is reasonably safe for persons to cross in an exercise of ordinary care.

We cannot see that it was a fair inference from the facts that the crevice produced a condition dangerous to one walking or running across the track in the observance of ordinary care. There was no such condition as that described in Southern Railway Co. v. Posey, 124 Ala. 486, 26 So. 914, or in Montgomery Street Railway Co. v. Smith, 146 Ala. 316, 39 So. 757, or in other cases cited by appellee.

Although the question of contributory negligence was one for the jury, it did not arise if the evidence acquits appellant of negligence proximately causing appellee's injury. The facts undisputed by appellee are sufficient to overcome the prima facie case arising under the statute (section 173, supra) so as to entitle appellant to the affirmative charge on the principle which we quoted above from Louisville & Nashville R. Co. v. Green, 222 Ala. 557, 133 So. 294.

Appellant also argues that count 4 alleges that the manner of construction of the crossing or its maintenance caused appellee to slip and fall, which caused his left foot to be caught in the crevice, whereas there is no evidence that either the manner of construction or its maintenance had anything to do with his slipping and falling;

but its only contribution to his injury, if any at all, was in causing his foot to be caught in the crevice. A technical construction of count 4 could lead to that result. It would not be a strained construction to hold that it means that he slipped and fell and on account of such negligent defect in the construction or its maintenance his foot was caught so that he was unable to extricate it in time. On another trial it could easily be made clear as to its meaning in this respect.

The judgment should be reversed and the cause remanded.

The foregoing opinion was prepared by Foster, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under the authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, STAKELY and MERRILL, JJ., concur.