168 So.2d 31

## LOUISVILLE & NASHVILLE RAILROAD COMPANY

v.

### Albert L. ARNOLD.

**8 Div. 940.**

Court of Appeals of Alabama.

Oct. 6, 1964.

H. O. Weeks, Scottsboro, for appellant.

H. T. Foster and Andy Hamlet, Jr., Scottsboro, for appellee.

PRICE, Presiding Judge.

The plaintiff recovered a judgment for $170.00 in the court below for the death of a cow.

The evidence tended to show that plaintiff last saw the cow alive on the morning she was killed. At that time she was in his pasture which adjoined defendant's right of way. The cow was not allowed to run at large and plaintiff had never seen her out of the pasture except when he took her out.

At the time plaintiff saw the cow after she was dead, she was lying on the edge of

a graveled public road about fifteen feet from the center of defendant's track. Two holes were knocked in her back, one kidney was knocked out and her legs were all broken up. In the center of the track on a new tie there was mud and a hoof track which looked as if her hoof had spun around. This cow track was approximately 160 feet from where the cow was lying. The chert along the shoulder of the road was disturbed and weeds leading from the railroad tracks to where the cow was found were knocked down.

Mr. Clyde Bean testified that he was driving from Stevenson to his farm adjacent to plaintiff's land, and when he reached the Louisville & Nashville Railroad crossing at Crow Creek he stopped for defendant's train to pass. After the train had passed he traveled about two miles by dirt road, which would have been a shorter distance up the track, and found the dead cow lying on the shoulder of the road about fifteen feet from the center of defendant's track. Blood was oozing out of her body and there was some foam "bellowing," like she had a little breath left in her body. The ground was "ruffled up" and the markings led up to the railroad track. There was mud on a tie, and "looked like a cow's hoof had spun around and scratched the new tie." The witness did not observe that the chert along the graveled road had been disturbed in any manner. He neither met nor saw any vehicles on the chert road after leaving Crow Creek Crossing.

■ We are of the opinion that there was sufficient evidence from which an inference might be drawn that the cow was killed by defendant's train. The burden then shifted to defendant to rebut or overcome the plaintiff's prima facie case. Louisville & Nashville R. Co. v. Green, 222 Ala. 557, 133 So. 294; Alabama Great Southern R. Co. v. Bishop, 259 Ala. 629, 68 So.2d 530. No evidence was offered in defendant's behalf.

We find no error in the court's denial of the motion for a new trial as opposed to the preponderance of the evidence.

The plaintiff was asked on direct examination,

"Q. Did you find any bruises on her?" He answered:

"A. It had two holes knocked in her back, one kidney was knocked out a laying out there and you could see where she hit the ground from the track, slid across and hit the edges of the bank—." Thereupon defense counsel stated, "We object to that your Honor as not being responsive to the question." The court overruled the objection.

■ The proper way to object to a nonresponsive answer is by a motion to exclude. Southern Railway Co. v. Jarvis, 266 Ala. 440, 97 So.2d 549; Southern Cement Company v. Patterson, 271 Ala. 128, 122 So.2d 386.

■ The rule is that only the party asking the question is entitled as a matter of right to have the answer of a witness excluded for want of responsiveness.

The opposing party may move to exclude on grounds going to the legality of the evidence. Whiddon v. Malone, 220 Ala. 220, 124 So. 516. But trial courts have been sustained in excluding unresponsive evidence on the motion of the party not asking the question on the theory that the trial court has a discretion in the exclusion of statements of a witness not called for, but volunteered. Ivory v. State, 237 Ala. 344, 186 So. 460; Southern Cement Company v. Patterson, supra.

The Judgment of the Trial Court is affirmed.

Affirmed.